**OTIS G. NATION v. STATE OF FLORIDA**

17 So. (2nd) 521                                   January Term, 1944
April 11, 1944                                        Special Division A

*H. E. Oxford* and *Bradford G. Williams,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

SEBRING, J.:

The appellant, Otis G. Nation, was convicted in the Criminal Court of Record of Orange County, Florida, of the criminal offense of engaging in the business of an emigrant agent without having first obtained a license therefor. The statute under which he was prosecuted provides that any person doing the business of an emigrant agent in any county of this State without having first obtained a license shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than five hundred dollars nor more than five thousand dollars, or by imprisonment in the county jail for not less than four months or confinement in the state prison at hard labor not exceeding two years for each and every offense, within the discretion of the court. See Section 5, Chapter 22068, Acts of 1943, Laws of Florida.

Not being certain whether the alleged crime of which he stands convicted is a felony or a misdemeanor he has perfected two appeals: one to the Supreme Court of Florida, which has appellate jurisdiction in cases of conviction of felony in the Criminal Courts, and one to the Circuit Court of Orange County, which has final appellate jurisdiction of all misdemeanors tried in the Criminal Court of Record of Orange County. See Sections 5 and 11, Article V, Constitution of Florida. The cause is now before us on motion of the State to dismiss the appeal taken to the Supreme Court of Florida, on the ground that the offense not being a felony this Court is without jurisdiction to entertain the appeal.

The uncertainty in the mind of appellant as to whether the appeal should have been to the circuit court of the Supreme Court, and which prompted the two appeals, arises over the applicability or non-applicability of Section 775.08 Florida Statutes, 1941 to the crime denounced by Chapter 22068, Acts of 1943, Laws of Florida. Inasmuch as the statute under which the appellant was tried and convicted provides for a maximum punishment not exceeding two years in the state prison, while at the same time the statute designates the crime committed as a misdemeanor, the appellant is in doubt as to where his appeal should lie, in view of

Section 775.08, supra, which provides that "any crime punishable by death, or imprisonment in the state prison, is a felony, and no other crime shall be considered. Every other offense is a misdemeanor."

It is only where a crime is not specifically designated by the statute which creates it either as a felony or a misdemeanor that Section 775.08 Florida Statutes 1941 is applicable as fixing the grade of the offense; a crime punishable by statute by death or imprisonment in the state prison being deemed a felony in such case and all other crimes being deemed misdemeanors. But where the Legislature has enacted a statute specifically designating a crime as being either a felony or a misdemeanor the legislative classification will control without regard to the punishment imposed as, within constitutional limitations, the legislature has the power to denounce any act as a crime and to fix the grade of the offense and prescribe the punishment therefor. Chapman v. Lake, 112 Fla. 746, 151 So. 399.

A violation of Chapter 22068, Acts of 1943, Laws of Florida, has been specifically designated therein as a misdemeanor. Being so graded by the Legislature in a statute enacted later in point of time than Section 775.08 Florida Statutes 1941, such classification is controlling and the provisions of Section 775.08 do not apply. It follows, therefore, that the motion to dismiss should be granted as this Court does not have jurisdiction to entertain an appeal from a conviction in the Criminal Courts except for felony.

It is so ordered.

BUFORD, C. J., TERRELL and THOMAS, JJ., concur.