## D. C. KIMMONS, v. THE STATE OF FLORIDA

23 So. (2nd) 523                                    June Term, 1945
October 12, 1945                                    Division B

*D. W. Berry,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BROWN, J.:

The information in this case charged a violation of Chapter 22004 of the Laws of 1943, now appearing as Section 860.12 of the Cumulative Supplement of Florida Statutes 1941, which reads as follows:

"860.12 Breaking and Entering Motor Vehicles. Whoever breaks and enters any automobile, truck, trailer, semi-trailer, or house-car with intent to commit any crime, shall be guilty of a felony and shall be punished by a fine of not less than twenty-five dollars nor more than one thousand dollars or imprisonment for not less than thirty days or more than one year in the county jail, or not more than ten years in the state prison, or by both such fine and imprisonment." Ch. 22004, 1943.

There was sufficient evidence to sustain the verdict of guilt, but the appellant contends that the sentence of four

years in the penitentiary was unauthorized, as the evidence shows that the amount of money stolen from the automobile which was broken into did not exceed $15.00, and that the statute is so ambiguous as to the punishment in a case of this kind, that the trial court was not justified in imposing a penitentiary sentence which was only appropriate in felony cases. But this offense is made a felony by the statute above quoted.

This question is settled contrary to appellant's contention by the recent case of Nation v. State, 154 Fla. 337, 17 So. (2nd) 521, where this court, speaking through Mr. Justice SEBRING, said:

"It is only where a crime is not specifically designated by the statute which creates it either as a felony or a misdemeanor that Section 775.08 Florida Statutes 1941 is applicable as fixing the grade of the offense; a crime punishable by statute by death or imprisonment in the state prison being deemed a felony in such case and all other crimes being deemed misdemeanors. But where the Legislature has enacted a statute specifically designating a crime as being either a felony or a misdemeanor the legislative classification will control without regard to the punishment imposed as, within constitutional limitations, the legislature has the power to denounce any act as a crime and to fix the grade of the offense and prescribe the punishment therefor. Chapman v. Lake, 112 Fla. 746, 151 So. 399."

Judgment affirmed.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., concur.