Pietro GIAMMARIO, Appellant,

v.

L. W. HURNEY.

No. 13932.

United States Court of Appeals
Third Circuit.

Argued Oct. 30, 1962.

Decided Dec. 6, 1962.

Edward E. Petrillo, Erie, Pa., for appellant.

Joseph R. Ritchie, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before STALEY, HASTIE and SMITH, Circuit Judges.

STALEY, Circuit Judge.

The Board of Immigration Appeals has ordered petitioner deported as an alien excludable from admission into the United States because of his conviction of a crime involving moral turpitude.[1] This determination was based upon a finding that he had pleaded guilty and had been convicted of larceny on May 19, 1960, at Fitzroy, Victoria, Australia.

■■■ Petitioner asserts that because the proceedings took place before an Australian Court of Petty Sessions where he was merely fined twenty-five pounds, the offense should not be classified as a crime involving moral turpitude. The answer to this is that larceny, whether grand or petit, has always been held to involve moral turpitude regardless of the sentence imposed. Quilodran-Brau v. Holland, 232 F.2d 183 (C.A.3, 1956). Nevertheless, the question arises as to whether petitioner is aided by 8 U.S.C. § 1182a (1958 ed.), which at the time of his entry into this country provided in relevant part:

"Any alien who is excludable because of the conviction of a misde-

meanor classifiable as a petty offense under the provisions of section 1(3) of title 18, by reason of the punishment actually imposed * * * may * * * be * * * admitted to the United States * *."

Section 1(3) of Title 18 provides that "Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense." 18 U.S.C. § 1(3) (1958 ed.). At first glance it would appear that because of the sentence actually imposed upon him, petitioner comes within the exception. But respondent urges that petitioner must first show that the substantive offense for which he was convicted is a misdemeanor; that the standards to be applied in making this determination are those of United States law; that under those standards the offense is grand larceny; and that this crime is a felony. We agree with this interpretation of the statute.

The issue is one of first impression. The question was raised, however, in a prior proceeding before the Board which held that the law of the country where the crime was committed applied. The question was certified to the Attorney General who reversed the Board and held as we do here. In the Matter of T——, 6 Administrative Decisions Under Immigration & Nationality Laws 508, 516–517. In order to avoid divergent and anomalous results which would follow from an application of varying systems of foreign law, reason requires that United States standards be applied to the section. This conclusion is fully sup-

---

1. Deportation was ordered pursuant to the following sections of Title 8 United States Code (1958 ed.):
"§ 1251. Deportable aliens—General classes
"(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

"(1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry * * *."
"§ 1182. Excludable classes of aliens * * *
"(a) Except as otherwise provided in this chapter, the following classes of aliens * * * shall be excluded from admission into the United States:

ported by the legislative history of the amendment.[2]

■ Because larceny is a common law offense, the substantive crime is not set forth in Title 18 of the U.S. Code. However, Congress has clearly manifested its view of this offense in Title 22 of the District of Columbia Code, §§ 2201–2202.[3] If the value of the property stolen exceeds $100, the crime is grand larceny. The Board found that the sixty pounds taken by petitioner had a value in excess of $100. That finding is not challenged in this court. Hence, the United States equivalent of this crime is grand larceny, and the penalty prescribed is from one to ten years. Of course, the maximum punishment provided by statute determines whether the offense is a felony or a misdemeanor. Barde v. United States, 224 F.2d 959 (C.A.6, 1955); Cartwright v. United States, 146 F.2d 133, 135 (C.A. 5, 1944). Section 1(1) of Title 18 U.S.C., provides that any offense punishable by death or imprisonment for a term exceeding one year is a felony. Accordingly, petitioner's offense is a felony under United States standards and cannot be classified as a petty offense.

* * * * *
"(9) Aliens who have been convicted of a crime involving moral turpitude (other than a purely political offense) * * *."

2. The section was adopted as a "floor" amendment. Accordingly, there are no committee reports to reveal Congressional intent. However, Congressman Walter, in a letter to Senator McCarran which was read into the Congressional Record, stated " * * * my amendment * * * is intended to require the meeting of two standards, namely, the offense must be an offense which is [sic] committed in the United States would be a misdemeanor (not punishable by imprisonment for 1 year or more), and, second, the offense must be one for which the actual penalty imposed in the particular case was imprisonment not to exceed 6 months or a fine not to exceed $500, or both." Senator McCarran indicated his accord with this construction. 100 Cong. Rec. 15388 (1954).

■ Petitioner avers that he did not commit the offense in question. He declares that he took money which was owed to him, and that he pleaded guilty only because a trial of the issue would have required weeks or months, whereas he was to leave Australia for the United States within a few days of the entry of his plea. In effect, we are asked to try anew the issue of petitioner's guilt. However, his plea and conviction preclude him from raising that argument in this court. Ng Sui Wing v. United States, 46 F.2d 755 (C.A.7, 1931). See also, Pino v. Nicolls, 215 F.2d 237, 245[4] (C.A. 1, 1954), reversed on other grounds, sub nom. Pino v. Landon, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955).

■■ The recent amendment providing for exclusive review of final orders of deportation in the courts of appeals of the United States, 8 U.S.C.A. § 1105a (a), is challenged in petitioner's brief as violating his constitutional rights by depriving him of an appeal from a judgment of a district court. Apparently this contention was abandoned at oral argument. In any event we see no merit to it. It is well settled that Congress may provide whatever procedure that it deems

3. "§ 22–2201. Grand larceny
"Whoever shall feloniously take and carry away anything of value of the amount or value of $100 or upward, including things savoring of the realty, shall suffer imprisonment for not less than one nor more than ten years."
"§ 22–2202. Petit larceny * * *
"Whoever shall feloniously take and carry away any property of value of less than $100, including things savoring of the realty, shall be fined not more than $200 or be imprisoned for not more than one year, or both. * * *" 22 Dist. of Columbia Code §§ 2201, 2202.

4. As Judge Magruder pointed out in that case, Congress did not place the burden upon the courts to consider extenuating circumstances. However, if the circumstances in the instant case are as petitioner alleges, the Attorney General may wish to give whatever consideration is possible to them. Indeed, at oral argument counsel for respondent stated that such consideration will be given to petitioner.

appropriate for judicial review of administrative orders. City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958).

The order of the Board will be affirmed.