**Cesar Arturo RAMIREZ, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 22346.**

United States Court of Appeals District of Columbia Circuit.

Argued April 25, 1969.

Decided June 4, 1969.

Certiorari Denied Nov. 17, 1969.

See 90 S.Ct. 264.

Mr. David Carliner, Washington, D. C., for petitioner.

Mr. Paul C. Summitt, Atty., Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., at the time the record was filed, and Frank Q. Nebeker, Asst. U. S. Atty., at the time the record was filed, were on the brief, for respondent.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

Petitioner, who overstayed his permit to remain in the United States as a nonimmigrant visitor from his native country of Ecuador, of which he was also a citizen, has been ordered deported by the Immigration and Naturalization Service. On November 2, 1966, while the proceedings involving petitioner were

---

pending before the Service, Congress amended Section 245[1] of the Immigration and Naturalization Act. Under this amended provision petitioner applied to the Service for adjustment of his status to that of an alien admitted for permanent residence. The Special Inquiry Officer to whom his application was remanded by the Board of Immigration Appeals found petitioner deportable and denied his application for adjustment of status. His request to be permitted voluntarily to depart was also denied. Petitioner's appeal to the Board of Immigration Appeals was dismissed by order of the Board on the ground that under Section 212(a) (9)[2] petitioner was statutorily ineligible for the adjustment of status since he had been convicted of false pretenses with "intent to defraud," on each of two counts of an information under 22 D.C.Code § 1301. He now petitions this court for review of this order of the Board of Immigration Appeals.

The sole ground presented is that Section 212(a) (9), in using the standard "a crime involving moral turpitude" to create ineligibility for adjustment of status, is unconstitutionally vague, and is void as an indefinite delegation of power to an administrative agency.

We think this challenge to the statutory standard is foreclosed to this court by Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886.[3] Though petitioner points to the statement of the Court in *DeGeorge* that the question of vagueness was not raised by the parties or argued, the Court, no doubt referring to the dissenting opinion, said " * * * it has been suggested that the phrase 'crime involving moral turpitude' lacks sufficiently definite standards to justify this deportation proceeding and that the statute before us is therefore unconstitutional for vagueness."[4] The Court then examined the application of the vagueness doctrine to the statute, notwithstanding the matter had not been raised by the parties or argued. The Court said it did this in view of the grave nature of deportation. Upon full consideration of the question the Court upheld the statute as constitutional,[5] especially in its application to "crimes in which fraud is an ingredient," the situation in petitioner's case. Deeming the Supreme Court to be now the proper forum for presentation of appellant's contentions we have not considered them on the merits.

Affirmed.

---

1. Pub.L. 89–732, § 3, 80 Stat. 1161, *amending* 8 U.S.C. § 1255.

2. Section 212(a) (9), 8 U.S.C. § 1182(a) (9), provides in pertinent part:
   § *1182. General classes of aliens ineligible to receive visas and excluded from admission;* * * *
   (a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
   (9) Aliens who have been convicted of a crime involving moral turpitude * *.
   8 U.S.C. § 1182(a) (9).

3. *Cf.* Local No. 6167, United Mine Workers of America v. Jewell Ridge Coal Corp., 145 F.2d 10, 13, aff'd, 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534. *But cf.* Barnette v. West Virginia State Board of Education, 47 F.Supp. 251, 252–253 (S.D. W.Va.), aff'd, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628.

4. 341 U.S. at 229, 71 S.Ct. at 707.

5. *See* Boutilier v. Immigration and Naturalization Service, 387 U.S. 118, 131, 87 S.Ct. 1563, 18 L.Ed.2d 661 (dissenting opinion of Mr. Justice Douglas).