Soerjanti SOETARTO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 73–2025.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 26, 1974.

Decided May 28, 1975.

William H. Oltarsh, New York City, Curry First, Milwaukee, Wis., for petitioner.

John L. Murphy, Chief, and Mary Jo Grotenrath, Dept. of Justice, Criminal Div., Washington, D. C., James R. Thompson, U. S. Atty., Gary L. Starkman, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before PELL and SPRECHER, Circuit Judges and RIVES, Senior Circuit Judge.*

PELL, Circuit Judge.

This is a petition to review and set aside an order of deportation of Soerjanti Soetarto, brought pursuant to 8 U.S.C. § 1105a(a).

The petitioner is a native and citizen of Indonesia. She entered this country on February 13, 1969, as a nonimmigrant visitor authorized to remain in the United States until April 1969. She failed to depart by that date and on June 12, 1969 applied for permanent residence. Before that application could be acted upon, however, a show cause order was issued charging deportability under 8 U.S.C. § 1251(a)(1),[1] based upon the allegation that at the time of entry Soetarto was within the class of aliens excludable under 8 U.S.C. § 1182(a)(9),[2] having been convicted in the Netherlands in 1958 of a crime involving moral turpitude.

The conviction was for the theft of 500 guilders (approximately $135) occurring in 1956, and for the theft of three rings valued at about 375 guilders (approximately $100) occurring in 1958. The two separate thefts, for some reason not explained in the record, were the basis of the one trial and conviction. A police justice of the court imposed a fine of 25 guilders and imprisonment of 14 days, but then suspended the jail sentence and placed Soetarto on three years' probation.

A deportation hearing was held on February 18, 1972. At that time the Immigration and Naturalization Service lodged an additional charge of deportability, alleging that the petitioner as a non-immigrant visitor had remained in this country longer than authorized. This charge is not being contested. The special inquiry officer found Soetarto deportable on both charges. Additionally, the inquiry officer denied the petitioner's application for an adjustment of status as a permanent resident, based upon her inadmissibility to the United States under 8 U.S.C. § 1182(a)(9) as one convicted of a crime involving moral turpitude.

The Board of Immigration Appeals affirmed the order of the special inquiry officer and the petitioner seeks review.

The petitioner attacks the deportation order on the following grounds:

I. The language "crime involving moral turpitude" in 8 U.S.C. § 1182(a)(9) is unconstitutionally vague on its face and, therefore, violates the fifth amendment due process clause.

II. The Board of Immigration Appeals erred in failing to consider the circumstances surrounding the thefts committed by the petitioner in upholding the determination that the peti-

---

* Senior Circuit Judge Richard T. Rives of the United States Court of Appeals for the Fifth Circuit is sitting by designation.

1. § 1251. Deportable aliens—General classes

(a) Any alien in the United States . . . shall, upon order of the Attorney General, be deported who—

(1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry;

. . . .

2. § 1182. Excludable aliens—General classes

(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\* \* \* \* \* \*

(9) Aliens who have been convicted of a crime involving moral turpitude . . . . Any alien who would be excludable because of conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of Title 18, by reason of the punishment actually imposed, . . . may be granted a visa and admitted to the United States if otherwise admissible: *Provided*, That the alien has committed only one such offense, . . .

tioner's crime involved moral turpitude, requiring the proceedings to be remanded.

III. The crime for which the petitioner was convicted was a mere petty offense, exempting her from the class of aliens excludable under 8 U.S.C. § 1182(a)(9).

### I.

■ The petitioner's argument that the term "crime involving moral turpitude" as used in the deportation statute is unconstitutionally vague has been rejected by the Supreme Court in Jordon v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951). The Jordon decision forecloses us from reconsidering this constitutional issue. Marciano v. Immigration and Naturalization Service, 450 F.2d 1022, 1024 (8th Cir. 1971), cert. denied, 405 U.S. 997, 92 S.Ct. 1260, 31 L.Ed.2d 466 (1972); Ramirez v. Immigration and Naturalization Service, 134 U.S.App.D.C. 131, 413 F.2d 405, 406 (1969), cert. denied, 396 U.S. 929, 90 S.Ct. 264, 24 L.Ed.2d 226.

### II.

■ The petitioner further contends that the Board erred in finding that the crime for which she was convicted in the Netherlands in 1958 involved moral turpitude. In support of this contention, she argues that the Board improperly failed to consider the circumstances surrounding those thefts as well as the lenient punishment imposed by the sentencing justice. Nevertheless, we uphold the Board's determination. Theft has always been held to involve moral turpitude, regardless of the sentence imposed or the amount stolen. Our function is not to try the foreign crimes de novo. Giammario v. Hurney, 311 F.2d 285, 286 (3d Cir. 1962); Orlando v. Robinson, 262 F.2d 850, 851 (7th Cir. 1959), cert. denied, 359 U.S. 980, 79 S.Ct. 898, 3 L.Ed.2d 929. The offenses for which Soetarto was convicted, therefore, necessarily involve moral turpitude.

### III.

The petitioner argues that she is not an alien excludable under 8 U.S.C. § 1182(a)(9) because she was convicted of only one crime in the Netherlands and that crime was a mere petty offense. Section 1182(a)(9) exempts from excludability those aliens convicted of only one crime involving moral turpitude, provided that crime is a misdemeanor classifiable as a petty offense under 18 U.S.C. § 1(3), by reason of punishment actually imposed.

While we are not impressed by the petitioner's argument, we find it unnecessary to decide whether the petitioner was convicted of one or two offenses in the Netherlands in 1958. If she was convicted of two offenses, she cannot call upon the "petty offense" exception of section 1182(a)(9) to stay her deportation. However, even if she had been convicted of only one crime in 1958, because that crime would be classifiable as a felony and not as a petty offense, she cannot avoid deportation under section 1182(a)(9). We reach this conclusion by applying the analysis developed in Giammario v. Hurney, 311 F.2d 285 (3d Cir. 1962) to the facts of this case.

■ Following the Giammario formula, we first determine if the substantive offense for which Soetarto was convicted is a misdemeanor or a felony. The standards to be applied in making this determination are those of United States law. This application is necessary, in the words of the Giammario court, "[i]n order to avoid divergent and anomalous results which would follow from an application of varying systems of foreign law . . . ." 311 F.2d at 286.

■■ The substantive crime of theft is not set out in Title 18 of the United States Code. The congressional view of this offense, however, is manifested in Title 22 of the District of Columbia

Code, §§ 2201–2202.[3] If the value of the property stolen exceeds $100, the crime is grand larceny. The petitioner was convicted of two acts of theft involving goods and money worth approximately $235 in value. By United States standards the equivalent offense is grand larceny, carrying a penalty of imprisonment from one to ten years. The maximum punishment set by statute determines whether the offense is a felony or misdemeanor. Barde v. United States, 224 F.2d 959 (6th Cir. 1955). Section 1(1) of Title 18 of the United States Code classifies any offense punishable by a prison term exceeding one year as a felony. Soetarto's offense, therefore, is a felony by United States standards and cannot be classified as a petty offense. Regardless of the view taken toward the petitioner's 1958 conviction, the "petty offense" exception of section 1182(a)(9) is unavailable under these circumstances as a defense to deportation.

The Board of Immigration Appeals correctly affirmed the finding of the special inquiry officer that the petitioner is deportable under the terms of 8 U.S.C. § 1251. Accordingly, we deny the petition for review and affirm the final deportation order.

Affirmed.

RIVES, Circuit Judge (concurring specially):

With reluctance, I concur fully in the Court's opinion. I agree that the offenses for which Soetarto was convicted in 1958 did involve some degree of moral turpitude. The sentencing justice imposed such lenient punishment as to indicate the probable existence of extenuating circumstances surrounding the two thefts. In this case, deportation without an exhaustive inquiry into the facts and circumstances of the two thefts and into the question of whether Soetarto had been completely rehabilitated leaves undetermined whether or not a just result has been reached. There is, however, little or no doubt that the thefts involved *some degree* of moral turpitude. This Court has no authority to conduct or to order the conduct of any further inquiry. Ultimate responsibility for the policy of the law rests upon Congress.

---

3. § 22–2201. Grand larceny

Whoever shall feloniously take and carry away anything of value of the amount or value of $100 or upward, including things savoring of the realty, shall suffer imprisonment of not less than one nor more than ten years.

§ 22–2202. Petit larceny

Whoever shall feloniously take and carry away any property of value of less than $100, including things savoring of the realty, shall be fined not more than $200 or be imprisoned for not more than one year, or both.