360 So.2d 772 (1978)
STATE of Florida, Appellant,
v.
Earl BAILEY, Appellee.
No. 52713.
Supreme Court of Florida.
June 30, 1978.
*773 Robert L. Shevin, Atty. Gen., Tallahassee, and Ira N. Loewy, Asst. Atty. Gen., Miami, for appellant.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, Miami, for appellee.
SUNDBERG, Justice.
This cause is before the Court on direct appeal from an order of the Circuit Court of Dade County, Florida, which initially and directly passed on the validity of a state statute. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
On February 22, 1977, the defendant/appellee, Earl Bailey, was charged with battery on a law enforcement officer, resisting an officer with violence to his person, attempted escape, and obstructing justice. The defendant/appellee moved to dismiss the battery charges on the ground that Section 784.07, Florida Statutes (Supp. 1976), which defines the crime of battery on a law enforcement officer, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Florida Constitution. Finding the statute violative of both the equal protection and due process clauses, the circuit court dismissed the charges. The State appeals from the order granting dismissal.
Section 784.07, Florida Statutes (Supp. 1976), reclassifies the offense of battery upon a law enforcement officer from a first degree misdemeanor to a third degree felony. We recently held that the statute does not violate equal protection. Soverino v. State, 356 So.2d 269 (Fla. 1978). We now find the statute valid under federal and state due process clauses as well.
Within constitutional limits, the legislature may prohibit any act, determine the grade or class of the offense, and prescribe the punishment. United States v. Wilson, 506 F.2d 521 (9th Cir.1974); Kimmons v. State, 156 Fla. 448, 23 So.2d 523 (1945). While statutes which restrict constitutionally protected rights or mere passivity may be facially overbroad and, therefore, exceed this legislative authority, the mere reclassification of an already prohibited act from a misdemeanor to a felony does not violate due process. In Florida, it is the type of punishment prescribed rather than an "essentially felonious or non-felonious" nature which determines whether a crime is a felony or a misdemeanor. Section 775.08, Florida Statutes (1977). Chapman v. Lake, 112 Fla. 746, 151 So. 399 (1932). Cf. Soetarto v. Immigration & Naturalization Service, 516 F.2d 778 (7th Cir.1975). Any commonlaw definition of felony is inapplicable in Florida. Chapman v. Lake, supra.
In matters of punishment, the legislature's determination will be sustained against due process challenges unless the punishment itself is cruel and unusual. Sowell v. State, 342 So.2d 969 (Fla. 1977). Section 784.07 does not violate state and federal guarantees against cruel and unusual punishment. Since the reclassification of already prohibited conduct from a misdemeanor to a felony reflects merely an increase in the prescribed punishment, Section *774 784.07 does not violate due process and is not unconstitutional.[1]
Accordingly, the order of the Circuit Court of Dade County granting appellee's motion to dismiss is reversed and the case is remanded to the trial court for proceedings not inconsistent herewith.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] The circuit court also found that the absence of a scienter requirement of § 784.07, Fla. Stat. (Supp. 1976), renders the statute facially overbroad. The statute proscribes an intentional battery upon an officer. Consequently, the statute does not lack a scienter requirement.