

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2008

# Daley v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Daley v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1785.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1785

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3295
_____

DEON EARL DALEY,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A37 777 858
Immigration Judge: Robert P. Owens

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2008
Before: SLOVITER, BARRY and WEIS, Circuit Judges

(Opinion filed: January 8, 2008)
_____

OPINION
_____

PER CURIAM

      Deon Earl Daley petitions for review of an order of the Board of Immigration

Appeals (BIA), which dismissed his appeal of an Immigration Judge's (IJ's) final

removal order.  We will deny the petition.

Daley is a native and citizen of Jamaica. He entered the U.S. at the age of 8, in 1982. He has several convictions, including a conviction in 1999 for criminal possession of a weapon. In removal proceedings, he applied for cancellation of removal, and argued that none of his convictions were valid. The Immigration Judge (IJ) determined that he was potentially eligible for cancellation, but denied relief as a matter of discretion, finding that Daley's convictions outweighed the positive factors. On appeal, the Board of Immigration Appeals (BIA) agreed with the IJ that relief was not warranted in the exercise of discretion.

We have jurisdiction to review "constitutional claims or questions of law" raised in this petition for review. INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]. However, pursuant to 8 U.S.C. § 1252(a)(2)(B), courts lack jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b . . . ." This Court has held that in reviewing decisions to deny cancellation of removal under § 1229b, the court retains jurisdiction to review nondiscretionary factors, but lacks jurisdiction to review discretionary decisions. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003). As cancellation here was denied purely on a discretionary basis, we cannot review the decision.

Daley's brief mentions "due process" and "equal protection," but it is difficult to discern what his claims are in this regard. From what we can understand, it appears that Daley is complaining that he was found to be removable on the basis of convictions that

he believes are not valid.   We do not reach the merits of his claims, as a final conviction cannot be challenged in removal proceedings.  See Vargas v. Department Of Homeland Security, 451 F.3d 1105, 1107 (10th Cir. 2006); Giammario v. Hurney, 311 F.2d 285, 287 (3d Cir. 1962); cf. Drakes v. INS, 330 F.3d 600, 606 (3d Cir.2003) (alien may not constitutionally challenge state court conviction in § 2241 petition).[1]

To the extent Daley challenges his continued detention, that challenge would be properly brought in a habeas petition filed in District Court.  Nnadika v. Attorney General, 484 F.3d 626, 632 (3d Cir. 2007).  As Daley does not raise any other legal or constitutional issue that this court could review, we will deny the petition.

---

[1] For this reason, Daley's "Motion to Vacate Judgment" is denied.  Daley's "Motion to reconsider, vacate and modify the disposition Docket Number 99K076686," is likewise denied.