**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3276
_____

ALWYN PAUL THOMAS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-493-620)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2012

Before:  AMBRO, FISHER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed: February 17, 2012)
_____

OPINION
_____

PER CURIAM

Alwyn Paul Thomas, proceeding pro se, petitions for review of the Board of

Immigration Appeals ("BIA") final order of removal.  The Government has moved to

dismiss the petition for lack of jurisdiction. For the reasons that follow, the Government's motion is granted, and we will dismiss Thomas's petition.

I.

Thomas, a native and citizen of Jamaica, became a lawful permanent resident of the United States in 2004. In January 2010, he pleaded guilty in Pennsylvania state court to possession with intent to deliver marijuana and conspiracy to possess with intent to deliver marijuana. The Department of Homeland Security subsequently initiated removal proceedings against him, charging him with being removable as an aggravated felon, see 8 U.S.C. § 1227(a)(2)(A)(iii), and for having been convicted of a controlled substance offense. See 8 U.S.C. § 1227(a)(2)(B)(i).

After Thomas's immigration proceedings were continued three times, the Immigration Judge ("IJ") held a merits hearing. At the hearing, which took place in March 2011, Thomas denied the charges of removability and sought another continuance in light of the fact that he was in the process of collaterally attacking his conviction in state court.[1] The IJ declined to further continue the case, noting that "we have no idea how long [Thomas's post-conviction challenge] will take." (A.R. at 33.) The IJ went on to find that the Government had established by clear and convincing evidence that Thomas had been convicted of an aggravated felony. As a result, the IJ ordered Thomas's removal to Jamaica.

---

[1] Thomas had initiated that collateral attack in October 2010.

On appeal, the BIA upheld the IJ's decision. In doing so, the BIA found that Thomas "was provided several continuances to prepare his case, and, on appeal, he has not outlined any arguments he was unable to make before the [IJ]." (Id. at 3.) The BIA further found that "[t]here is no evidence that [Thomas's] challenge [to his conviction] has succeeded and we find no reason to deviate from our precedents holding that a respondent's attempts to collaterally attack a conviction do not affect present removability." (Id. at 3-4.)

Thomas now petitions for review of the BIA's decision. The Government seeks to dismiss the petition for lack of jurisdiction.

## II.

Although we generally lack jurisdiction to review final orders of removal issued against aliens who, like Thomas, are removable for having been convicted of an aggravated felony, see 8 U.S.C. § 1252(a)(2)(C), we nonetheless have jurisdiction to review constitutional claims or questions of law raised in such an alien's petition for review. 8 U.S.C. § 1252(a)(2)(D). Yet as we have previously noted, "[o]ur jurisdiction in that respect is narrowly circumscribed in that it is limited to colorable claims or questions of law." Pareja v. Att'y Gen. of the U.S., 615 F.3d 180, 186 (3d Cir. 2010) (internal quotation marks and citation omitted). "To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Id. (quoting Arbaugh v. Y & H

3

Corp., 546 U.S. 500, 513 n.10 (2006)). We now consider whether Thomas has raised a colorable claim here.

Thomas's opening brief alleges that his guilty plea in his criminal case is not valid because (1) his attorney in that case did not advise him of the immigration consequences of pleading guilty, and (2) no one informed him of his right to contact the Jamaican consulate. Since this claim is not properly before us – Thomas cannot collaterally attack his conviction via a petition for review of a BIA decision, see Drakes v. INS, 330 F.3d 600, 603 (3d Cir. 2003) (citing Giammario v. Hurney, 311 F.2d 285, 287 (3d Cir. 1962)) – we cannot conclude that this claim is colorable.

Thomas's reply brief, in addition to discussing the above-noted claim, contends that the IJ's denial of a continuance "prejudiced [Thomas], in as much as the judicial review entitled to him by the Constitution was denied and . . . the decision based on this premise was fundamentally unfair." (Pet'r's Reply Br. 8.) As we have previously explained, "[a]n issue is waived unless a party raises it in [his] *opening* brief." Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (emphasis added). Even if a liberal construction of Thomas's pro se filings would allow us to conclude that he has preserved this claim, we would nonetheless hold that it fails to present a colorable issue. Contrary to Thomas's assertion, the IJ's denial of a continuance did not deny him judicial review. Additionally, he has failed to show how that ruling rendered his immigration proceedings unfair or otherwise prejudiced him, particularly given that: (1) the IJ had previously continued the case three times; (2) the

4

timing and outcome of Thomas's post-conviction proceedings were uncertain at the time the IJ ruled on Thomas's motion for a fourth continuance; and (3) Thomas's post-conviction petition has since been denied.[2]

Because Thomas has failed to raise a colorable claim, we lack jurisdiction over his petition for review. Accordingly, we grant the Government's motion and will dismiss the petition. Thomas's request that we hold the petition in abeyance pending the resolution of his appeal in his post-conviction proceedings is denied.

---

[2] Thomas has appealed from the denial of his post-conviction petition; that appeal remains pending before the Pennsylvania Superior Court.