**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1515
_____

DWAYNE NICHOLAS SNAPE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-977-349)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2015

Before: AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Filed: September 22, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dwayne Snape petitions pro se for review of the Board of Immigration Appeals' ("BIA") final order of removal. We will dismiss the petition in part and deny it in part.

## I.

Snape, a citizen of Jamaica, entered the United States in 1993 as a lawful permanent resident. In 2008, he pleaded guilty in the Philadelphia County Court of Common Pleas to manufacturing, delivering, or possessing with intent to manufacture or deliver marijuana, in violation of 35 Pa. Stat. Ann. § 780-113(a)(30). In light of that conviction, the Department of Homeland Security ("DHS") charged him in 2013 with being removable for (1) having been convicted of a controlled substance offense, see 8 U.S.C. § 1227(a)(2)(B)(i), and (2) having been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii). Snape, through counsel, denied those two charges and applied for cancellation of removal. He also applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming that if he returned to Jamaica, he would be harmed by individuals affiliated with the Jamaica Labour Party and/or individuals affiliated with the rival People's National Party.

The IJ ultimately sustained both charges of removability, denied Snape's applications for relief, and ordered Snape's removal to Jamaica. The IJ explained that, because Snape's conviction constituted an aggravated felony and a "particularly serious crime" under 8 U.S.C. §§ 1158(b)(2)(A)(ii) & 1231(b)(3)(B)(ii), he was ineligible for cancellation of removal, asylum, and withholding of removal. The IJ further explained that, even if Snape were eligible for that relief, it would still be denied. The IJ

2

determined that: (1) a balancing of the positive and negative equities did not weigh in favor of granting cancellation of removal; (2) Snape's asylum claim failed because his testimony was not credible and he had otherwise failed to show past persecution or a well-founded fear of future persecution; and (3) Snape could not satisfy the standard for withholding of removal because he had not met the lower standard for asylum. As for Snape's CAT claim, the IJ reiterated that Snape's testimony was not credible, and concluded that the remaining evidence was insufficient to satisfy Snape's burden of proof. The IJ further concluded that, even if Snape's testimony had been credible, Snape would not be entitled to CAT relief because he had not shown that any alleged harm would be inflicted by, or with the acquiescence of, the Jamaican government.

In October 2014, Snape filed a pro se appeal with the BIA. His notice of appeal raised the following claims: (1) "[t]he IJ denied my CAT request without any due considerations to the issues raised before him"; and (2) "[t]he IJ's actions in conducting the hearings violated [my] equal protection rights." (A.R. at 125.) His appellate brief was initially due by December 11, 2014; however, at Snape's request, the BIA extended the deadline to January 2, 2015. On January 21, 2015, at which point Snape still had yet to file a brief, the BIA dismissed the appeal, concluding that Snape's arguments from his notice of appeal did not warrant disturbing the IJ's decision. In reaching this conclusion, the BIA agreed with the IJ's analysis of Snape's CAT claim and stated that Snape "has not meaningfully explained why he believes that the [IJ] violated his equal protection rights." (Id. at 3.) The BIA also noted that Snape's appeal did not meaningfully dispute

3

the IJ's removability determination or establish that he is eligible for cancellation of removal, asylum, or withholding of removal.

About a week after the BIA's decision, Snape filed a motion to reconsider, attaching his appellate brief (which raised a number of claims) and alleging that he had been unable to file that brief earlier because of problems with the prison's law library. Notably, most of those alleged problems had arisen *after* the January 2, 2015 briefing deadline. While that motion was pending, Snape timely filed the pro se petition for review that is now before us, challenging the BIA's January 21, 2015 decision.[1]

In March 2015, Snape filed a motion to reopen with the BIA, apparently because he was concerned that the BIA may not have received his motion to reconsider (the administrative record confirms that the BIA indeed received the motion to reconsider). It appears that the arguments in the motion to reopen reiterated the arguments from the motion to reconsider.[2] On May 8, 2015, the BIA denied reopening (but did not mention anything about reconsideration). The BIA began by noting that Snape had not sought a second extension of the time to file his appellate brief. Next, the BIA stated that, "according to his documentation, he had minimal problems during December 2014, and

_____

[1] A petition for review must be filed within 30 days of the agency's final order of removal. 8 U.S.C. § 1252(b)(1). Here, Snape submitted his petition to prison authorities for forwarding to this Court on the 30th day after the BIA's January 21, 2015 decision. Accordingly, pursuant to the prison mailbox rule, see Fed. R. App. P. 25(a)(2)(C), his petition is timely.

[2] The administrative record was filed in this Court before Snape filed his motion to reopen, so that motion is not part of this record. Nevertheless, the claims described in the BIA's decision denying reopening appear to match those raised in support of the motion

4

does not adequately explain why he could not complete and mail his brief during December." (BIA Decision dated May 8, 2015, at 1.) The BIA then determined that "the arguments in his brief and the attached evidence would not change the outcome or result in this case." (Id.)

We now turn to Snape's petition for review.[3]

## II.

We generally have jurisdiction to review final orders of removal. See 8 U.S.C. § 1252(a)(1). That said, because the agency found Snape removable for having been convicted of a controlled substance offense and an aggravated felony (findings that Snape does not challenge here), our jurisdiction is limited to reviewing constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Borrome v. Att'y Gen., 687 F.3d 150, 154 (3d Cir. 2012). We review such claims and questions under a de novo standard. See Mudric v. Att'y Gen., 469 F.3d 94, 97 (3d Cir. 2006).

Snape's first claim attacks his conviction and underlying criminal proceedings. This claim falls outside the scope of his immigration case and may not be considered here. See Drakes v. INS, 330 F.3d 600, 603 (3d Cir. 2003) (citing Giammario v. Hurney, 311 F.2d 285, 287 (3d Cir. 1962)). To the extent that he might currently be challenging his conviction in some post-conviction proceeding, the pendency of such a proceeding

to reconsider.

[3] Because Snape did not file a separate petition for review challenging the BIA's May 8, 2015 decision, our review is limited to the BIA's January 21, 2015 decision. See Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir. 1986).

5

does not affect the finality of his conviction for immigration purposes.  See Paredes v.

Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

Snape's second claim raises several subclaims, alleging that the IJ committed due

process violations and erroneously found that Snape was not entitled to withholding of

removal.  All of these subclaims are unexhausted, as they were not presented in Snape's

notice of appeal to the BIA.[4]  As a general matter, we lack jurisdiction to review claims

that were not exhausted before the agency.  See Abdulrahman v. Ashcroft, 330 F.3d 587,

594-95 (3d Cir. 2003) (citing 8 U.S.C. § 1252(d)(1)).  Although "exhaustion of

administrative remedies is not always required when the petitioner advances a due

process claim," Sewak v. INS, 900 F.2d 667, 670 (3d Cir. 1990), exhaustion *is* required

when a due process claim amounts to "an administrative claim of procedural error that

the BIA could have addressed on appeal," Khan v. Att'y Gen., 448 F.3d 226, 236 n.8 (3d

Cir. 2006).  Two of Snape's due process claims seem to allege procedural error, as he

takes issue with the IJ's rescheduling of the merits hearing and alleges that the IJ "played

the role of both judiciary and prosecutor."  (Pet'r's Opening Br. 8.)  Those claims, and

Snape's challenge to the denial of his withholding of removal claim, are thus subject to

dismissal on exhaustion grounds.  See Abdulrahman, 330 F.3d at 594-95.  The remaining

due process claim alleges that the IJ was biased against Snape.  Although this claim may

---

[4] The fact that Snape may have presented some of these claims in his motions to reconsider and reopen does not render those claims exhausted for purposes of reviewing the BIA's January 21, 2015 decision because those motions were, of course, filed after that decision.

not have required exhaustion, Snape has not demonstrated that it has merit.[5]

Snape's third claim contends that the BIA violated his due process rights by "not giv[ing] [him] the time allotted to file his brief." (Pet'r's Opening Br. 9.) This claim is baseless. As noted above, the BIA extended the deadline for his appellate brief from December 11, 2014, to January 2, 2015. That extended deadline was more than three months after the IJ issued his decision. The BIA then waited until January 21, 2015, to issue its own decision. In the interim, Snape did not move for a second extension.

Lastly, Snape claims that removing him would violate the Eighth Amendment's prohibition on cruel and unusual punishment. This claim is meritless, as removal is not criminal punishment. Sukwanputra v. Gonzales, 434 F.3d 627, 632 (3d Cir. 2006). To the extent that Snape's Eighth Amendment claim also presents allegations regarding the conditions of his confinement while in DHS custody, that part of his claim is outside the scope of the case before us, see 8 U.S.C. § 1252(a)(1), and may not be considered here.

In light of the above, we will dismiss Snape's petition for review in part and deny it in part. Snape's request for oral argument is denied. To the extent that his briefing asks us to reconsider the denial of his motion for a stay of removal pending the disposition of his petition, that request is denied as moot.

---

[5] To the extent that Snape's claim of bias alleges that the IJ failed to afford him adequate time to review his asylum application, that subpart of this claim *did* require exhaustion. See Khan, 448 F.3d at 236 n.8. Accordingly, that subpart must be dismissed for lack of exhaustion. See Abdulrahman, 330 F.3d at 594-95.