**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1466
_____

NNAMDI RABBI AWOMOKORIE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A063-937-008)
Immigration Judge: Honorable John P. Ellington

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 15, 2019
Before: GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: September 12, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nnamdi Rabbi Awomokorie petitions for review of an order of the Board of Immigration Appeals (BIA) which dismissed his appeal from a removal order issued by an Immigration Judge (IJ). We will deny the petition for review.

Awomokorie, a native and citizen of Nigeria, entered the United States as a Lawful Permanent Resident in 2015. In June 2017, he pleaded guilty to one count of theft in an amount less than $1500 in violation of Del. Code Ann. Tit. 11 § 841 (2012), and the state court sentenced him to a one-year term of imprisonment, with all but four days suspended, and a year of probation. After he violated the terms of his parole, the trial court amended the sentence slightly to order that Awomokorie be incarcerated for more of his one-year sentence than before. In 2018, the Department of Homeland Security filed a notice to appear, charging Awomokorie with removability as an aggravated felon under INA § 237(a)(2)(A)(iii) for the 2017 theft conviction. See INA § 101(a)(43)(G).

Awomokorie, through counsel, conceded the charge, and the IJ found him removable. The IJ continued the hearing several times in order for Awomokorie to file an application for relief from removal. When Awomokorie did not submit any, the IJ ordered him removed to Nigeria. Awomokorie, proceeding pro se, appealed, challenging the removability determination despite his concession and claiming that his counsel had rendered ineffective assistance. The BIA rejected his arguments and dismissed the appeal. Awomokorie timely petitioned for review pro se.[1]

---

[1] He previously filed a motion for a stay of removal, which we denied.

We have jurisdiction under 8 U.S.C. § 1252(a), but because of Awomokorie's conviction, our review is confined to constitutional and legal claims. See 8 U.S.C. § 1252(a)(2)(C), (D). We review any such claims de novo. See Mudric v. Att'y Gen., 469 F.3d 94, 97 (3d Cir. 2006). Awomokorie challenges his removability on two main grounds; neither has merit.

First, in his brief, Awomokorie raises arguments related to his theft conviction. Largely, his challenge is a collateral attack on his state conviction.[2] However, that challenge exceeds the scope of removal proceedings. See Giammario v. Hurney, 311 F.2d 285, 287 (3d Cir. 1962) (holding that petitioner could not challenge underlying conviction for removal in the context of a petition for review of a BIA order); see also Drakes v. INS, 330 F.3d 600, 603 (3d Cir. 2003) (rejecting collateral attack of a criminal conviction that provided basis of removal through a 28 U.S.C. § 2241 petition). To the extent that we may construe his arguments as a claim that his conviction did not qualify as an aggravated felony (as he argued to the BIA and stated on the face of his petition for review), we reject his claim. The BIA correctly concluded that his conviction qualified as an aggravated felony, and that the sentence imposed – not the time actually served – is the critical factor in determining whether a criminal conviction is an aggravated felony.

---

[2] His mention of a "motion to vacate his conviction or reduce sentence" also seems to relate to the challenge to his conviction that he raises in this Court. Insofar as he is communicating that he was found removable while he had some sort of post-conviction challenge to his conviction pending, we note that maintaining a post-conviction challenge in state court does not otherwise affect the finality of a conviction for immigration removal purposes, unless and until the conviction is overturned. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

See INA § 101(a)(43)(G) (stating that a theft conviction qualifies when a term of imprisonment of at least a year is imposed); § 101(a)(48)(B) (providing that "any suspension of the imposition or execution of" the confinement or sentence, in whole or in part, is disregarded in determining whether the "at least one year" requirement is met).

Awomokorie secondly argues that his counsel did not effectively represent him because counsel "missed a court date." While his status as an aggravated felon does not prevent our review of his ineffective assistance of counsel claim, see INA § 242(a)(2)(D), the claim as presented lacks merit. As a threshold matter, he did not meet the procedural requirements set out in Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). See Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007) (holding that a litigant must provide an affidavit with relevant facts, demonstrate that he informed counsel and provide counsel's response, and state whether he reported counsel's actions to the appropriate disciplinary authority, and if not, why not). We would add that, in any event, the BIA rightly concluded that his claim that counsel did not attend a hearing (Awomokoire does not specify which one) was factually incorrect. According to the record, counsel appeared at the hearings that he was obligated to on Awomokorie's behalf.[3]

For the above reasons, we will deny the petition for review.

---

[3] Awomokorie does not appear to take issue with his counsel's telephonic appearance at some master calendar hearings, nor would it be a meritorious challenge here. We note that, during the August hearing, the parties waived appearances in advance of the brief September 11, 2018 hearing during which the IJ entered the removal order.