**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1546
_____

KAYANN ATKINSON,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-220-885)
Immigration Judge:  Richard Bailey

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 21, 2025)
_____

OPINION[*]
_____

PER CURIAM

Kayann Atkinson petitions for review of a decision by the Board of Immigrations

Appeals (BIA).  For the reasons that follow, we will deny the petition for review.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Atkinson, a citizen of Jamaica, was admitted to the United States as a lawful permanent resident in 1992. In 2024, he was charged as removable as an individual convicted of two crimes involving moral turpitude (sexual conduct for a fee and indecent assault). See 8 U.S.C. § 1227(a)(2)(A)(ii) (providing that noncitizen is removable if convicted of two or more crimes involving moral turpitude). Represented by counsel, he conceded removability and applied for cancellation of removal. An Immigration Judge (IJ) concluded that Atkinson was eligible for cancellation. Finding that the negative factors of his criminal history outweighed the "very limited positive factors" of his long residence in the United States and limited family ties in Jamaica, the IJ determined that Atkinson had not established that he merited a favorable exercise of discretion and denied the application. Atkinson then filed a counseled motion to reopen with medical records and letters from family members. The IJ denied the motion, noting that Atkinson had not shown that the evidence was previously unavailable. A.R. at 65-67.

Proceeding pro se, Atkinson appealed to the Board of Immigration Appeals (BIA) and filed a motion to remand. The BIA summarily dismissed the appeal for failure to file a brief and denied the motion to remand, having determined that the documents Atkinson sought to submit were not previously unavailable. Atkinson filed a pro se petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252.

As noted above, the BIA dismissed Atkinson's appeal for failing to file a brief. In his brief before us, he does not challenge that dismissal. Atkinson does argue that he is

not removable and challenges the validity of the predicate convictions.[1]  He asserts that one of his predicate convictions was dismissed.[2]  However, while represented by counsel, he conceded removability.  A.R. at 204; see also Calla-Collado v. Att'y Gen., 663 F.3d 680, 683 (3d Cir. 2011) (per curiam) (noting that "an [non-citizen] is generally bound by the actions of his attorney").  Thus, Atkinson's removability is not before us.[3]

---

[1] Atkinson contends that his charge of removability requires that he had been incarcerated for a year or more for the predicate convictions.  It does not.  He is conflating his charge of removability (two crimes involving moral turpitude) with the requirements for removing a noncitizen convicted of one crime involving moral turpitude.  See 8 U.S.C. § 1227(a)(2)(A)(i).

[2] In September 2002, Atkinson "admitted to facts sufficient for a finding of guilty" for the offense of paying for sexual conduct.  A.R. at 567-573.  The written plea form advised Atkinson that the conviction could have immigration consequences.  A.R. at 573.  It appears that he was sentenced to a $1000 fine, $300 in court costs, and 15 hours of community service.  The record for the conviction does contain an entry three years later dated October 19, 2005, with the word "dismissed" stamped at the end.  A.R. at 568.  Even if Atkinson could show that this unexplained entry means his conviction was vacated (as opposed to administratively closed), he would still be considered convicted for immigration purposes unless the conviction was vacated based on a substantive or procedural defect.  See Rodriguez v. Att'y Gen., 844 F.3d 392, 396 (3d Cir. 2016).  Moreover, Atkinson is not treating the conviction as if it was vacated in 2005.  In March 2024, an attorney filed a motion to "withdraw admission to sufficient facts."  A.R. at 334.  The motion was denied in July 2024, and Atkinson filed a notice of appeal.  A.R. at 335.

[3] With respect to his conviction for indecent assault, Atkinson argues in his brief that he was unaware of the immigration consequences when he took a plea deal for that charge.  The records, however, do not reflect any guilty plea.  Rather, it appears that he was found guilty after a jury trial.  See A.R. at 574; see also Commonwealth v. Atkinson, No. 07P-1769, 2009 WL 258906 (Mass. App. Ct. 2009).  In his reply brief, Atkinson also challenges his conviction for paying for sexual conduct, alleging that he was entrapped by a female police officer.  We note that convictions that are the basis of a removal order may not be collaterally challenged in a petition for review.  See Drakes v. INS, 330 F.3d 600, 603 (citing Giammario v. Hurney, 311 F.2d 285, 287 (3d Cir. 1962)).

Atkinson suggests that the IJ focused on his criminal history and should have considered the circumstances of the charges against him. To the extent that Atkinson is challenging the IJ's exercise of discretion, we lack jurisdiction over such a challenge. See 8 U.S.C. § 1252(a)(2)(B)(i) (stripping courts of jurisdiction to review a judgment regarding the discretionary relief of cancellation of removal); § 1252(a)(2)(D) (allowing jurisdiction over constitutional claims or questions of law); Wilkinson v. Garland, 601 U.S. 209, 218, 225 n.4 (2024).[4]

Atkinson contends that his competency should have been addressed before the IJ. Thus, he appears to challenge the BIA's denial of his motion to remand the matter to the IJ to consider additional evidence of his mental health. A motion to remand is the functional equivalent of a motion to reopen. Korytnyuk v. Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005). We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). In denying the motion, the BIA noted that Atkinson had not shown that the records were previously unavailable. See 8 C.F.R. § 1003.2 (stating that a motion to reopen shall not be granted unless evidence offered was not available and could not have been presented earlier). It also observed that counsel did not try to obtain these records or ask Atkinson about his mental health

---

[4] Atkinson also argues that he has a statutory right to reopen his removal proceeding if his removal would cause mental anguish to his citizen daughter. He does not cite to any statute in support. It is possible that Atkinson is referring to 8 U.S.C. § 1229b(b), which sets forth the requirements for a deportable noncitizen to be eligible for cancellation of removal. One of these requirements is that removal would cause "exceptional and extremely unusual hardship" to, in relevant part, the applicant's citizen child. As a lawful permanent resident, Atkinson's application for cancellation of removal fell under § 1229b(a) and did not require a showing of such hardship.

during the hearing.  Atkinson does not explain why these records could not have been presented earlier.  Moreover, while the medical records he submitted to the BIA indicate that he may suffer from anxiety, panic disorder, depressive disorder, and post-traumatic stress disorder, there is nothing to support a determination that he is not competent.  The BIA did not abuse its discretion in denying Atkinson's motion to remand.

For the reasons above, we will deny the petition for review.