**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3733

_____

OMAR ALEJANDRO FRIAS-CAMILO,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A056-557-093)
Immigration Judge: Hon. David Crosland

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 13, 2016

Before:   AMBRO, JORDAN, and GREENBERG, *Circuit Judges*.

(Opinion Filed:  June 23, 2016)

_____

Raymond G. Lahoud
Baurkot & Baurkot
227 South 7th St.
Easton, PA  18042
    *Counsel for Petitioner*

Aimee J. Carmichael
United States Department of Justice
Office of Immigration Litigation
P. O. Box 878
Ben Franklin Station
Washington, DC 20044
    *Counsel for Respondent*

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Omar Alejandro Frias-Camilo, a native and citizen of the Dominican Republic, petitions for review of a Board of Immigration Appeals ("BIA") decision finding him removable from the United States under 8 U.S.C. § 1227(a)(2)(B)(i) due to a Pennsylvania conviction for a controlled substance offense.[1]  We will deny the petition.

_____

[1] The BIA further concluded that Frias-Camilo was ineligible for cancellation of removal because he had not demonstrated his physical presence in the United States for a period of seven years, as required by 8 U.S.C. § 1229b(a)(2). It also adopted and affirmed the Immigration Judge's decision denying Frias-Camilo's claims of asylum, withholding of

## I.  BACKGROUND

Frias-Camilo first entered the United States as a lawful permanent resident in 2006.  On July 23, 2013, he entered a plea of guilty in the Court of Common Pleas for Lehigh County, Pennsylvania to one count of conspiracy to possess a controlled substance, cocaine, in violation of 18 PA. CONS. STAT. § 903 and 35 PA. STAT. ANN. § 780-113(a)(16) (West). Frias-Camilo was originally sentenced to a twelve-month period of probation, but, sixteen months later, the court amended his sentence and imposed a sentence of "guilty without further penalty," pursuant to 42 PA. CONS. STAT. § 9723.[2]  That later order vacated several earlier-imposed punitive aspects of Frias-Camilo's sentence, so he received no jail sentence, no term of probation, no community service, and owed no fines or fees.  Nonetheless, the order indicated that the court "finds the defendant guilty."  (A.R. at 466.)

The Department of Homeland Security issued Frias-Camilo a Notice to Appear, charging him with removability

---

removal, and protection under the United Nations Convention Against Torture.  Frias-Camilo did not address any of these issues in his opening brief in this appeal, nor has he filed a reply brief.  Accordingly, any argument as to those portions of the BIA's decision is waived. *Khan v. Att'y Gen.*, 691 F.3d 488, 495 n.4 (3d Cir. 2012).

[2] That statutory section, entitled "[d]etermination of guilt without further penalty," provides: "If in the light of all the circumstances, probation would be appropriate under section 9722 (relating to order of probation), but it appears that probation is unnecessary, the court may impose a sentence of guilty without further penalty."

3

pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), which makes deportable "[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance … ."[3] Frias-Camilo, through counsel, admitted before an Immigration Judge ("IJ") the factual allegations in the Notice to Appear, but he filed a motion to terminate removal, arguing that the sentence of "guilty without further penalty" did not qualify as a "conviction" due to the absence of any restraint on his liberty. The IJ denied his motion, and a second IJ denied his motion to reconsider. After a hearing, a third IJ held Frias-Camilo to be removable, based on clear and convincing evidence. The BIA dismissed his appeal, and Frias-Camilo timely filed the pending petition for review.

---

[3] The Notice to Appear was issued on August 9, 2013. At that time, Frias-Camilo's original sentence was in effect, as it had not yet been changed to "guilty without further penalty," which did not occur until November 18, 2014. The timing of that change in sentence has no bearing on our analysis here, however, as we conclude that Frias-Camilo's changed sentence nonetheless resulted in a formal judgment of guilt.

## II.    DISCUSSION[4]

Frias-Camilo's sole argument to this Court is the same as he raised below – that his Pennsylvania cocaine charge did not result in a "conviction" for a controlled substance offense because he received no actual punishment or restraint on his liberty.  We must reject that argument.

The Immigration and Nationality Act ("INA") defines the term "conviction" as follows:

> The term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien

---

[4]    The BIA had jurisdiction under 8 C.F.R. 1003.1(b)(3).  We exercise jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).  That jurisdictional statute limits the scope of our review to constitutional claims and questions of law.  8 U.S.C. §§ 1252(a)(2)(B)-(D).  We may properly consider whether, as a matter of law, the disposition of Frias-Camilo's Pennsylvania criminal charge constitutes a "conviction" for immigration purposes.  *Acosta v. Ashcroft*, 341 F.3d 218, 220 (3d Cir. 2003).

In considering that question, we "review[] the agency's conclusions of law *de novo*, 'subject to established principles of deference.'"  *Mendez-Reyes v. Att'y Gen.*, 428 F.3d 187, 191 (3d Cir. 2005) (quoting *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir. 2004)).  Here, because the BIA's decision was a single-member, non-precedential opinion, "we defer to its legal conclusions only insofar as they have the power to persuade."  *Singh v. Att'y Gen.*, 807 F.3d 547, 550 (3d Cir. 2015).

entered by a court or, if adjudication of guilt has been withheld, where –

> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A); *see Pinho v. Gonzalez*, 432 F.3d 193, 204-05 (3d Cir. 2005) (tracing the history of the INA's definition of "conviction"). We have previously emphasized the disjunctive nature of that definition – a conviction may consist of either a formal judgment of guilt *or* a withheld adjudication with some restraint on the alien's liberty. *Perez v. Elwood*, 294 F.3d 552, 562 (3d Cir. 2002). Added to the INA by Congress in 1996, that second definition was meant to broaden the list of included convictions so that it covered cases in which an adjudication of guilt was deferred.[5] Thus,

---

[5] As the Conference Report on the amendments explained:

> [T]here exist in the various States a myriad of provisions for ameliorating the effects of a conviction. As a result, aliens who have clearly been guilty of criminal behavior and whom Congress intended to be considered "convicted" have escaped the immigration consequences

6

under the INA, the presence of a restraint on liberty is only necessary when an adjudication of guilt has been withheld, but not when there is a formal judgment of guilt. Since Frias-Camilo's Pennsylvania charge resulted in no restraint on his liberty, he may only be removable if it led to a formal judgment of guilt.

A formal judgment of guilt, for immigration purposes, is defined by reference to the definition of a "judgment of conviction" set out at Federal Rule of Criminal Procedure 32(k)(1). *Perez,* 294 F.3d at 562 (incorporating definition then found at subsection (d)(1) of Rule 32). Under that Rule, "[a] judgment of conviction … must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it." Fed. R. Crim. P. 32(k)(1).

Here, the record establishes that Frias-Camilo's Pennsylvania controlled substance charge resulted in a formal judgment of guilt. The charging document, a criminal

---

normally attendant upon a conviction. … This new provision … clarifies Congressional intent that even in cases where adjudication is "deferred," the original finding or confession of guilt is sufficient to establish a "conviction" for purposes of the immigration laws.

H.R. CONF. REP. NO. 104-828 at 224. We have referred to that as the "'withheld judgment' loophole." *Pinho,* 432 F.3d at 206.

information, includes a handwritten notation that Frias-Camilo pleaded guilty to the cocaine conspiracy charge. The amended sentencing order, signed by the sentencing judge, states that the court found him guilty and specifies the statute of conviction. The record also includes the original sentencing order, as well as transcripts of the original plea colloquy and the hearing to amend the sentencing order. During the original plea hearing, Frias-Camilo explicitly pled guilty to the charge of conspiracy to possess cocaine and stated on the record that he admitted his guilt of that offense.[6] The original sentencing order confirms the sentence imposed and, by implication, the guilty plea that preceded it. During the hearing to amend the sentencing order, Frias-Camilo's counsel indicated that Frias-Camilo was aware of all of his rights at the original plea and sentencing, that he understood what was happening, and thus "no colloquy [was] necessary." (A.R. at 520.) At the conclusion of that hearing, the court entered the following order: "Now, this November 18th, 2014, the Court, pursuant to 42 Pa.C.S. 9723, finds the defendant guilty without further penalty." (A.R. at 522.) The amended sentencing order reflects that finding. A formal judgment of guilt makes the imposition or omission of any punitive sanction irrelevant under the INA. The judgment itself establishes Frias-Camilo's "conviction" for purposes of 8 U.S.C. § 1101(a)(48)(A), and we need not consider whether any form of punishment was imposed.[7]

---

[6] There was also a discussion on the record that the plea could potentially impact Frias-Camilo's immigration status. He indicated that he understood that the plea could affect his permanent resident status.

[7] Given the clarity of that documentation, we reject Frias-Camilo's contention that the judgment of guilt did not

8

Against the weight of that evidence, Frias-Camilo insists that the vacatur of punitive aspects of his sentence somehow means that no "sentence" was ever imposed upon him. As earlier noted, a "formal judgment of guilt" is comprised of a plea, finding, adjudication, and sentence. *Perez*, 294 F.3d at 562. Focusing on the meaning of a "sentence," Frias-Camilo argues that our previous incorporation of the definition of a "judgment of conviction" from the Federal Rules of Criminal Procedure means that "the *federal* definition of 'sentence' is controlling as to whether a sentence has been issued in a particular case." (Opening Br. at 16 (original emphasis).) Because the federal sentencing statute does not contemplate a finding of guilt with no further penalty, he argues, no "sentence" was ever imposed upon him as that term is defined under federal law. *See* 18 U.S.C. § 3551(b) (listing, as possible federal sentencing options, terms of probation or imprisonment, a fine, forfeiture of property, and restitution). To Frias-Camilo, if none of the sentencing options listed in § 3551(b) are ordered, no "sentence" is imposed, and thus no "formal judgment of guilt" can exist.

That argument does not withstand scrutiny. Frias-Camilo cites no authority for the notion that a state sentence must include one of the punitive options listed in § 3551(b) before it can be treated as a "sentence" under the INA. Nor could he, as his argument runs headlong into the plain

---

establish his plea or the adjudication of his charges. Both requirements were amply met by the documents submitted in support of Frias-Camilo's Pennsylvania conviction – Frias-Camilo was adjudicated guilty, after a guilty plea, on the charge of conspiracy to possess cocaine.

language of that statute. In essence, Frias-Camilo contends that no "judgment of guilt" can exist without some punitive sanction. Congress, however, explicitly excluded a punishment requirement from the first definition of a "conviction" while including it in the second definition. *See Acosta v. Ashcroft*, 341 F.3d 218, 222 n.6 (3d Cir. 2003) ("Congress intended that Section [1]101(a)(48)(A) be afforded its plain meaning."). The statutory language, in fact, leaves little to the imagination. The INA's first definition of a "conviction" provides that a "formal judgment of guilt," standing alone, establishes the existence of a conviction.[8] *See Viveiros v. Holder*, 692 F.3d 1, 3 (1st Cir. 2012) (rejecting "out-of-hand the petitioner's suggestion that there was no 'formal judgment of guilt' because he was never ultimately

_____

[8] The primary decision that Frias-Camilo cites in support of his argument is inapposite. In *Matter of Marroquin-Garcia*, 23 I. & N. Dec. 705 (A.G. 2005), the Attorney General considered whether the phrase "formal judgment of guilt" should include convictions that are later vacated. In concluding that vacated convictions should nonetheless qualify as "convictions" under the INA, the Attorney General cited the second definition of a conviction present in § 1101(a)(48)(A) for situations in which an adjudication is withheld but a restraint on liberty is still imposed. That definition "ensures that a defendant who has been found guilty of unlawful conduct, and has been punished for that conduct, will not avoid deportation by utilizing a state court procedure that spares the defendant from technically being adjudged 'convicted.'" *Id*. at 715. That case did not eliminate the first statutory definition of a conviction; it merely relied upon the second definition as support for its conclusion regarding vacated convictions.

punished for his shoplifting crime"). Nothing further is required.

A "sentence" is merely "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer." BLACK'S LAW DICTIONARY (10th ed. 2014). Here, the punishment finally imposed on Frias-Camilo was the judgment of conviction itself. Although Pennsylvania's "guilty without further penalty" formulation may not have a federal counterpart, it is included among the sentencing options enumerated in Pennsylvania's statute governing criminal sentencing. *See* 42 PA. CONS. STAT. § 9721(a)(2).[9] That sentencing option recognizes that

> [i]n some instances, the court may decide that the needs of justice are fulfilled by a determination of guilt alone, without necessity for further penalty. The shame and trauma of public conviction may be punishment enough and there may be no need of any plan for "reformation" or control. In such cases, the courts should be free to make such a judgment without requiring useless probation.

*Commonwealth v. Rubright*, 414 A.2d 106, 109 (Pa. 1980). Beyond such shame and trauma, a finding of guilt without further penalty can also have significant collateral

---

[9] Given the explicit reference to that option in Pennsylvania's sentencing statute, we reject Frias-Camilo's additional contention that "guilty without further penalty" is not intended as a "sentence" under Pennsylvania law.

11

consequences, as the very existence of this removal proceeding makes clear. We do not hesitate to conclude that a sentence of "guilty without further penalty" is a "sentence" for purposes of the INA.

## III.  CONCLUSION

The record from Frias-Camilo's Pennsylvania controlled substance case establishes his plea, the court's findings, the sentence, and the adjudication of that charge. As such, a "formal judgment of guilt" was entered against him, establishing his "conviction" as defined by 8 U.S.C. § 1101(a)(48)(A). *Perez*, 294 F.3d at 562. That conviction is for a controlled substance offense – conspiracy to possess cocaine – that renders Frias-Camilo removable from the United States under 8 U.S.C. § 1227(a)(2)(B)(i).[10] We will therefore deny his petition for review.

---

[10] Frias-Camilo does not dispute that the cocaine charge qualified as a controlled substance offense as defined in 8 U.S.C. § 1227(a)(2)(B)(i).