**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1354

_____

RAUL RIVAS RODRIGUEZ,
a/k/a RAUL RIVAS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

Petition for Review of an Order of the Board of Immigration
Appeals
(Agency No. A037-640-387)
Immigration Judge: Hon. Walter A. Durling

_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2016

_____

Before: AMBRO, SHWARTZ, FUENTES, <u>Circuit Judges</u>.

(Opinion Filed:  December 19, 2016)

Fabian Lima, Esq.
1500 Walnut Street
Suite 206
Philadelphia, PA 19102

      Counsel for Petitioner

Juria L. Jones, Esq.
Holly M. Smith, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

      Counsel for Respondent

————————

OPINION

————————

SHWARTZ, <u>Circuit Judge</u>.

Raul Rivas Rodriguez ("Rivas") petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of the Immigration Judge ("IJ") denying his motion to terminate removal proceedings and ordering him removed to the Dominican Republic. Because the conviction that served as a basis for his removal has been vacated, and the Notice of Removal did not specify his participation in a deferred adjudication program as a basis for removal, we will grant the petition.

# I

Rivas, a native and citizen of the Dominican Republic, was admitted to the United States as a legal permanent resident when he was two years old. In September 2013, following a bench trial in the Philadelphia Municipal Court, he was convicted of the purchase, receipt, and intentional possession of phencyclidine ("PCP"), and was sentenced to eighteen months' probation.

Following these convictions, the United States Department of Homeland Security initiated removal proceedings against Rivas and served him with a "Notice to Appear." A.R. 569-71. The Notice stated that he was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of two state law violations relating to a controlled substance.

Prior to his immigration hearing and after receiving this notice, Rivas petitioned the Municipal Court for relief from his convictions under the Pennsylvania Post Conviction Relief Act ("PCRA"). He argued that he received ineffective assistance of counsel because his trial counsel failed to advise him of the possible immigration consequences arising from his conviction and for advising him not to appeal the trial verdict. During the three-day PCRA hearing, Rivas's trial counsel testified that he advised Rivas of the immigration consequences flowing from a conviction and that he could not recall the advice he gave regarding an appeal but "probably would have advised [Rivas] that . . . it is still not a winnable case. . . ." A.R. 149. After the hearings, and at the request of the Commonwealth, the Municipal Court denied the PCRA

3

petition and then, by agreement of the parties, vacated the guilty verdicts and placed Rivas on pretrial probation for three years as part of a deferred adjudication agreement. Included in the order vacating the judgment were conditions requiring Rivas to: (1) "stipulate to all of the Commonwealth's evidence in the underlying trial"; (2) reside in Pennsylvania; (3) report to court, (4) participate, if necessary, in employment training as well as drug testing and treatment; and (5) "agree that any violation of any of these conditions will result in a Negotiated Stipulated Trial." A.R. 120. The Commonwealth agreed to withdraw the charges if Rivas successfully completed his pretrial probation.

Rivas thereafter filed a motion to terminate his removal proceedings on the ground that his convictions, which constituted the basis for his potential removal, had been vacated. His motion also averred that "[t]he sentences have not been vacated solely to avoid the immigration consequences of his conviction." A.R. 128. The IJ denied Rivas's motion and ordered him removed to the Dominican Republic. The IJ found that since Rivas's trial counsel testified at the PCRA hearings that he did advise Rivas of the immigration consequences of an adverse judgment, and since the Municipal Court denied the PCRA petition, the IJ was "convinced that the primary and probably the only reason for the conviction vacatur was to permit the respondent to avoid the [i]mmigration consequences of his drug conviction." App. I 9-10.

The BIA agreed, finding that the Municipal Court vacated Rivas's convictions to allow him to avoid their immigration consequences. The BIA also found that even if Rivas's convictions had been vacated on substantive grounds,

4

the terms of the order vacating the convictions still amounted to a "conviction" under the Immigration and Nationality Act ("INA"). Specifically, the BIA found that since Rivas stipulated to all of the state's evidence against him as part of the agreement vacating his convictions, and since his liberty was restrained under the resulting probation program, he remained "convicted" under immigration law and was removable. Consequently, the BIA affirmed the IJ's denial of Rivas's motion to terminate on two independent grounds. Rivas petitions for review.

## II[1]

[1] The IJ had jurisdiction under 8 C.F.R. § 1240.1(a), and the BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1(b)(3). Although we generally lack jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [§ 1227(a)(2)(B)]," we have jurisdiction to review an order of removal to the extent it raises "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C)-(D). Consequently, we have jurisdiction to determine "whether, as a matter of law, the disposition of [Rivas's] Pennsylvania criminal charge constitutes a 'conviction' for immigration purposes." Frias-Camilo v. Att'y Gen., 826 F.3d 699, 702 n.4 (3d Cir. 2016) (citation omitted). Since the BIA's opinion is the "final order," this Court's review is typically confined to the BIA's opinion. Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). Where, as here, the BIA expressly adopts the IJ's opinion, this Court also reviews that opinion to the extent the BIA adopted it. Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009).

Section 1227(a)(2)(B)(i) of the INA provides that "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . is deportable." The issue here is whether the disposition of Rivas's state court criminal proceedings render him "convicted" for purposes of the INA.[2]

A

A petitioner whose criminal conviction was vacated is no longer "convicted" under the INA where the conviction was vacated on the basis of a substantive or procedural defect in the underlying criminal proceedings. In re Pickering, 23 I. & N. Dec. 621, 624 (BIA 2003), rev'd on other grounds, 465 F.3d 263 (6th Cir. 2006). Conversely, where "a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings," such as for rehabilitation or to allow a petitioner to avoid the immigration effects of the conviction, then the petitioner "remains 'convicted' for

---

[2] The INA defines "conviction" as follows:

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

immigration purposes." Id.; see also Cruz v. Att'y Gen., 452 F.3d 240, 242 (3d Cir. 2006) (concluding that Pickering provides a reasonable interpretation of § 1227(a)(2)(B)(i)); Pinho v. Gonzales, 432 F.3d 193, 208-10 (3d Cir. 2005) (same). A petitioner who seeks relief from removal bears the burden of proving that his conviction was vacated. 8 C.F.R. § 1240.8(d); Syblis v. Att'y Gen., 763 F.3d 348, 352 (3d Cir. 2014).

Rivas filed a motion for post-conviction relief based on alleged ineffective assistance of trial counsel. After three days of hearings, which included testimony from trial counsel, the Commonwealth agreed to a settlement pursuant to which Rivas's convictions were vacated. Although Rivas demonstrated that his convictions were vacated, the IJ and BIA concluded that Rivas failed to show they were vacated within the meaning of the immigration laws.

To determine whether a vacated conviction is nonetheless a conviction for immigration purposes, the IJ must examine the state court record to identify the reasons why the state court vacated the conviction. Pinho, 432 F.3d at 215. To complete this task, the IJ "must look first to the order [that vacated the conviction]. If the order explains the court's reasons for vacating the conviction, the [IJ]'s inquiry must end there. If the order does not give a clear statement of reasons, the [IJ] may look to the record before the court when the order was issued. No other evidence of reasons may be considered." Id. Thus, the IJ may rely only on reasons explicitly stated in the record and may not impute an unexpressed motive for vacating a conviction. See id.; Cruz, 452 F.3d at 244, 248 (holding that the BIA could reasonably determine that a conviction was vacated to allow a petitioner

to avoid immigration consequences where a state prosecutor's letter stipulating the terms of a settlement agreement explicitly stated that the petitioner's scheduled deportation was a reason for the state's support for vacating the conviction). Put simply, "[w]e will not . . . permit[ ] . . . speculation . . . about the secret motives of state judges and prosecutors." Pinho, 432 F.3d at 214-15.

Here, both the IJ and the BIA opined that the state court likely vacated Rivas's convictions to allow him to avoid the convictions's immigration consequences. To support this conclusion, the IJ relied on the facts that Rivas's trial counsel testified at the PCRA hearings that he did advise his client of the immigration consequences of a potential conviction, and that the state court denied Rivas's PCRA petition. However, these facts do not show that the state court vacated the convictions to allow Rivas to avoid their immigration consequences. Moreover, though trial counsel's testimony might have weakened Rivas's ineffective-assistance-of-counsel claim, the record fails to show that his counsel's alleged ineffectiveness was not the reason the convictions were vacated. We know only that the application to vacate was based on two ineffective-assistance-of-counsel claims stemming from the alleged failure of Rivas' counsel to advise him of the immigration consequences of his convictions and advice to forgo appealing his convictions, and that the convictions were in fact vacated. See Pinho, 432 F.3d at 211-13 (holding that where the record shows that the state did not answer a pending ineffective-assistance-of-counsel claim before agreeing to settlement, this supports the conclusion that the settlement was reached as a result of the

constitutional claim).[3] In addition, the IJ did not point to any evidence undermining the conclusion that the Commonwealth settled because of Rivas's pending ineffectiveness claim with respect to his trial counsel's failure to advise him to appeal the convictions. In fact, the IJ repeatedly asserted that the state court record was not clear as to the reasons why the prosecutor agreed to settle Rivas's claim and why the court vacated his convictions. Moreover, the BIA failed to confine itself to the factual record. Beyond adopting the IJ's findings, it also quoted the following passage wherein the state court addressed Rivas and discussed the vacatur of his convictions:

> [B]ecause you know the consequences of what would have happened with the conviction that you had . . . . Everybody understands it, what would have happened over a possession conviction for PCP. You have been given an incredible opportunity here, and I think it's the right opportunity, and I think it's the right result, but you need to understand it is that

---

[3] Contrary to the Government's argument, Rumierz v. Gonzales, 456 F.3d 31 (1st Cir. 2006), does not apply to Rivas's vacatur. There, because the petitioner's motion for post-conviction relief did not specify any substantive reasons to vacate his conviction, the court held that the petitioner could not show that his conviction was vacated on substantive grounds where it was vacated pursuant to an agreement and the record was otherwise silent as to the reason for the vacatur. Id. In contrast, Rivas's motion for post-conviction relief did specify substantive grounds upon which he challenged his convictions, and so Rumierz is inapplicable.

9

> opportunity. And if there [are] temptations, go the other way, criminal activity, drug use, anything, there's no margin for error. If you want to be here with your family and you want to move forward in your life and do things, then you need to understand that.

App. I 5 (alterations, other than the ellipses, in original). The BIA found that these statements showed that the court vacated Rivas's convictions to allow him to avoid the resultant immigration consequences. In reaching this finding, however, it speculated as to the unexpressed motives of the state court—an analysis which we barred in Pinho. 432 F.3d at 215. It is not plain in the above passage that the consequences of convictions to which the court refers are immigration consequences, as opposed to penal consequences flowing from a conviction. Moreover, even if the passage addresses the immigration consequences of the convictions, it does not indicate the reasons why the court vacated the convictions and does not show that the court vacated the convictions because of those consequences. Thus, like the IJ, the BIA erred in failing to restrict itself to the factual record and impermissibly speculated about the "secret motives of state judges and prosecutors." Pinho, 432 F.3d at 215.

In sum, Rivas met his burden to show that his convictions were vacated for purposes of the immigration laws, and the record does not show that Rivas's convictions were vacated to avoid their immigration consequences.

B

The BIA also found that even if Rivas's convictions had been vacated on substantive grounds, he nonetheless stood "convicted" for purposes of the immigration laws under the terms of the deferred adjudication agreement. Specifically, it found that since the state court's order vacating Rivas's convictions was conditioned on his stipulating to all of the state's evidence against him for the underlying convictions, and since the order imposed conditions that restricted Rivas's liberty, he stood "convicted" for purposes of the INA. See 8 U.S.C. § 1101(a)(48)(A) (stating that a petitioner is "convicted" under the INA if he has "admitted sufficient facts to warrant a finding of guilt" and "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed"). We need not decide whether the deferred adjudication agreement could render Rivas "convicted" under the INA since basing Rivas's removal on his deferred adjudication would violate his due process rights.[4]

"It is well established that if an alien is a lawful permanent resident of the United States and remains

_____

[4] Rivas argues that the DHS waived its right to rely on the deferred adjudication as a basis for removal. Although he casts this argument in terms of waiver, the real complaint is that he did not receive notice that he might be removed on this ground. Because his brief repeatedly states that the Notice to Appear charged him as removable on the basis of the Pennsylvania convictions and that by holding him removable on the basis of the deferred adjudication agreement the BIA "created an entirely new reason for upholding the IJ's decision," he has in essence asserted that his due process rights were violated. Petitioner Br. at 3.

11

physically present there . . . . [,] He may not be deprived of his life, liberty or property without due process of law." Kwong Hai Chew v. Colding, 344 U.S. 590, 596 (1953). Essential to the due process rights of a noncitizen permanent resident is that "before his expulsion[,] he is entitled to notice of the nature of the charge and a hearing at least before an executive or administrative tribunal." Id. at 597; see also United States v. Torres, 383 F.3d 92, 104 (3d Cir. 2004) (citing Kwong Hai Chew and reiterating that an alien in removal proceedings has a due process right to, among other things, "notice of the charges against him").

The INA sets forth the notice that must be given to an alien before removal proceedings can commence:

> In removal proceedings under section 1229a of this title, written notice . . . shall be given in person to the alien . . . specifying the following:
> (A) The nature of the proceedings against the alien.
> (B) The legal authority under which the proceedings are conducted.
> (C) The acts or conduct alleged to be in violation of law.
> (D) The charges against the alien and the statutory provisions alleged to have been violated.

8 U.S.C. § 1229(a)(1); see Choeum v. I.N.S., 129 F.3d 29, 38-39 (1st Cir. 1997) (holding that the due process right to notice owed to a noncitizen permanent resident charged with removability is coextensive with the notice required by § 1229(a)(1)).

12

The only Notice to Appear that DHS served upon Rivas specified that he was charged with removability on the basis of two factual predicates: First, "[y]ou were, on September 26, 2013, convicted in the Municipal Court at Philadelphia for the offense of [i]ntentional possession of a controlled substance by person not registered, to wit PCP, in violation of Pa. C.S.A Title 35 Section 780-113 subsection A16." A.R. 571. Second, "[y]ou were, on September 26, 2013, convicted in the Municipal Court at Philadelphia for the offense of [p]urchase/receipt of controlled substance by unauthorized person, to wit: PCP, in violation of Pa. C.S.A Title 35 Section 780-113 subsection A19." A.R. 571. The Government never lodged additional immigration charges against Rivas. See 8 C.F.R. § 1240.10(e) ("At any time during the proceeding, additional or substituted charges of inadmissibility and/or deportability and/or factual allegations may be lodged by the Service in writing."). As a result, Rivas never received notice charging him as removable on the basis of the terms of the 2015 deferred adjudication agreement, entered almost two years after the convictions identified in the Notice to Appear.

Consequently, the BIA's finding that Rivas's motion to terminate removal proceedings could be denied based on the deferred adjudication contravenes § 1229(a)(1)(c)'s requirement that the alien be given notice of "[t]he acts or conduct alleged to be in violation of law." To remove Rivas on the basis of a deferred adjudication in 2015 would base his removal on an entirely different factual ground from that set

forth in the Notice to Appear and would violate Rivas's due process rights to notice of the bases for his removal.[5]

III

For the foregoing reasons, we will grant Rivas's petition for review.

---

[5] If the immigration authorities wish to pursue Rivas's removal based on an assertion that he stands "convicted" of a controlled substance offense as a result of the terms of his deferred adjudication, then they can initiate removal proceedings anew by serving notice to Rivas stating the grounds upon which he is charged with removability. Duhaney v. Att'y Gen., 621 F.3d 340, 349 (3d Cir. 2010) ("Although there are common elements of fact between the two removal proceedings, the critical acts and the necessary documentation were different . . . . Accordingly, we hold that the doctrine of res judicata did not bar the Government from lodging additional charges of removability after Duhaney's 2000 conviction was vacated."). Nothing herein constitutes a view as to whether such proceedings should be commenced or would succeed.