**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1626
_____

STEPHEN IZUCHUKWU ONWUZULIKE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A214-967-318)
Immigration Judge:  Jason L. Pope

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 15, 2021
Before:  GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 10, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stephen Izuchukwu Onwuzulike, who is a citizen of Nigeria proceeding pro se, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). For the following reasons, we will deny the petition for review.

Onwuzulike entered the United States in 2017 as a nonimmigrant visitor for six months, but he overstayed. In 2020, the Department of Homeland Security (DHS) charged him with removability under INA § 237(a)(1)(B), for unlawfully remaining in the United States. At a hearing before an Immigration Judge (IJ) in July 2020, Onwuzulike, represented by counsel at the time, admitted to the factual allegations and conceded that he was removable. The IJ sustained the charge of removability. Onwuzulike explained that his United States citizen wife had filed a Form I-130 Petition for Alien Relative with the United States Citizenship and Immigration Services (USCIS) on his behalf, and he would be seeking adjustment of status. The IJ agreed to continue the case so that Onwuzulike could submit proof of filing and receipt of the I-130 petition by the USCIS. By the time of the next hearing on August 4, the USCIS had denied the I-130 petition, but Onwuzulike's counsel did not appear to be aware of that fact, and the IJ granted another continuance so the parties could confirm its status.[1] Onwuzulike's

---

[1] After an Immigration Services Officer interviewed the couple, the USCIS issued a Notice of Intent to Deny ("NOID") on March 16, 2020, requesting Onwuzulike's "divorce Decree Nisi and Decree Absolute" from his previous marriage and providing the couple thirty days to respond. A.R. 284. They did not respond within that time, but filed a response on July 4, 2020, with the statement that "all civil service offices are closed down in Nigeria including customary and all the court since March as a result of COVID-19." Id. In a July 21, 2020 decision, the USCIS concluded that the response was

2

counsel thereafter withdrew, and when Onwuzulike appeared at the August 25 hearing, he claimed that there was a valid appeal of the I-130 petition denial pending. The IJ again adjourned the hearing for Onwuzulike to apply for asylum-related relief.

Reconvening at another hearing on September 15, Onwuzulike explained that he had decided against petitioning for asylum remedies but wanted to pursue the I-130 appeal. Nevertheless, the IJ granted Onwuzulike another continuance, over DHS's opposition, so that he could consider seeking voluntary departure. The IJ unambiguously warned Petitioner that "there'll be no further continuances regarding the, the I-130 petition unless you demonstrate that something had materially changed regarding that such as a petition being pending again [before USCIS], if they reopen the petition again, something of that nature. So that's the only reason the Court's going to grant a further continuance for that." September 15, 2020 Hrg. Tr. at 36 (A.R. at 165).

insufficient and determined that the I-130 was "abandoned and denied," under 8 C.F.R. § 103.2(b)(13)(i). Id. The USCIS's decision explained that there is no appeal from a decision that an application is abandoned but noted that Onwuzulike's wife could file a motion to reopen or reconsider within 30 days. Id. (citing 8 C.F.R. § 103.2(b)(15)). The letter also stated that the "decision does not prevent [Onwuzulike's wife] from filing any petition or application in the future." Id. Instead of following the letter's instructions, however, she attempted to appeal the decision to the BIA. An Appeals Examiner of the BIA returned the appeals submission on August 19, 2020, stating that an appeal of a DHS/USCIS Officer must be filed directly with DHS/USCIS and not with the BIA. A.R. 292. In his brief here, Onwuzulike states that after the appeal was returned to his wife, she refiled an appeal with USCIS. Petitioner's Brief (Dkt. No. 11 at electronic p. 2). It is not clear if that appeal has been rejected, but the regulations provide that there is *no* appeal from a decision deeming a petition to be abandoned. See 8 C.F.R. § 103.2(b)(15). The only remedy is to file a motion to reopen. Id.

3

No application for voluntary departure was forthcoming. Rather, Onwuzulike filed a motion to terminate his removal proceedings, claiming lack of jurisdiction and various acts of unprofessionalism and wrongdoing by the immigration court. The IJ heard the motion on October 6 and adjourned for a final hearing on October 27. The IJ denied the motion to terminate in a written decision on October 8, and, having no good cause to continue the case further, entered an order of removal after a hearing on October 27.

Onwuzulike timely appealed. The BIA agreed with the IJ's rulings, adopted the IJ's October 27 and October 8 decisions, and dismissed the appeal. It rejected Onwuzulike's allegations of improper conduct, constitutional violations, and lack of jurisdiction. In particular, the BIA affirmed the IJ's denial of termination and a continuance, reiterating that there was no basis for granting either when the USCIS determined that the I-130 petition had been abandoned, and no valid appeal was filed from that denial. Onwuzulike filed a timely petition for review in this Court.

We have jurisdiction to review the final order of removal under 8 U.S.C. § 1252(a)(1).[2] We consider the agency's legal determinations de novo, including its application of law to facts. See Herrera-Reyes v. Att'y Gen., 952 F.3d 101, 106 (3d Cir. 2020). In this case, we review the BIA's opinion, as it is the "final order," but we will

---

[2] To the extent that Onwuzulike seeks review of the denial of his wife's I-130 petition, we lack jurisdiction. See Ruiz v. Mukasey, 552 F.3d 269, 273–74 & nn.2 & 3 (2d Cir. 2009); Elbez v. INS, 767 F.2d 1313, 1314 (9th Cir. 1985) (per curiam).

4

review the IJ's opinion to the extent that the BIA adopted it. See Rodriguez v. Att'y Gen., 844 F.3d 392, 396 n.1 (3d Cir. 2016).

Here, Onwuzulike again claims that agency officials lacked jurisdiction over his case, erred by denying Onwuzulike's motion to terminate removal proceedings and request for a continuance, and engaged in improper conduct, denying him of due process. Nothing in Onwuzulike's filings or the administrative record itself substantiates any of these allegations.

First, as a legal and factual matter, Onwuzulike's claim that the pendency of his wife's I-130 petition on his behalf should have divested the immigration court of jurisdiction is wholly meritless. The BIA correctly explained in its decision that the I-130 petition had been denied as abandoned, see 8 C.F.R. § 103.2(b)(13)(i), in July 2020, and there was no valid, pending appeal from its denial. See A.R. at 2; 8 C.F.R. § 103.2(b)(15) (providing that a denial due to abandonment may not be appealed, but applicant may move to reopen with the USCIS). Moreover, even if there were a valid appeal, that would not divest the agency of jurisdiction over the removal proceedings. See 8 C.F.R. § 1003.14(a) (providing that jurisdiction vests with the immigration court when a charging document is filed); cf. 8 C.F.R. § 1245.2(a)(1)(i) (stating that, when an alien subject to removal applies to adjust status, the immigration judge has exclusive jurisdiction over the application).

5

Turning to the challenges to the agency's rulings on Onwuzulike's motions to terminate and for a continuance, we review the agency's actions for an abuse of discretion and will reverse the rulings only if the agency acted arbitrarily, irrationally, or contrary to law. See Khan v. Att'y Gen., 448 F.3d 226, 233 (3d Cir. 2006). As the agency pointed out, Onwuzulike did not argue that he met any recognized grounds for terminating his removal proceedings—such as establishing prima facie eligibility for naturalization per 8 C.F.R. § 1239.2(f) or showing that the charge of removability had not been sustained. See IJ's Decision and Order, October 8, 2020, at 2 (A.R. at 219). As noted above, there was no evidence that he had a pending I-130, or even a legitimate pending appeal, while he was in proceedings before the IJ.[3] The IJ thus had no reason to terminate proceedings under these circumstances.

The same is true for the continuance request. The IJ granted continuance after continuance to allow Onwuzulike to obtain information on the status of the I-130 petition, and to permit him to apply for other relief (which Onwuzulike declined to pursue). Ultimately, by October 27, the IJ had no applications for relief or motions before him, and there was no cause to continue the matter. See 8 C.F.R. § 1003.29 (stating that an IJ

---

[3] The Attorney General has recently reinstated an IJ's authority to administratively close proceedings for various reasons, including to await the adjudication of a *pending* I-130 petition. See In re Cruz-Valdez, 28 I. & N. Dec. 326, 326-27 (A.G. 2021) (overruling In re Castro-Tum, 27 I. & N. Dec. 271 (A.G. 2018)). But that decision would not have helped here, as there was no pending petition at the time the IJ entered the removal order.

6

may "grant a motion for continuance for good cause shown"); <u>Khan</u>, 448 F.3d at 233. The agency did not abuse its discretion here.

We reject Onwuzulike's unfounded allegations that the DHS and USCIS officials conspired against him, were biased, and ignored the law. A review of the record and the agency's decisions in this matter belie these unsupported allegations and reveal no due process concerns. See <u>Serrano-Alberto v. Att'y Gen.</u>, 859 F.3d 208, 223 (3d Cir. 2017).

Finding no error, we will deny the petition for review.[4]

---

[4] Onwuzulike has attached to his appellate brief here a "Final Judgment of Divorce," issued by the Superior Court of New Jersey, Chancery Division—Family Part, Essex County. See Petitioner's Brief (Dkt. No. 11 at 13). The document is dated June 9, 2021, post-dating the BIA decision in this case. We cannot consider evidence in the first instance. See 8 U.S.C. § 1252(b)(4)(A); <u>Wong v. Att'y Gen.</u>, 539 F.3d 225, 234 n.4 (3d Cir. 2008). The document would need to, if not already, be presented first to the USCIS or the agency via the appropriate procedural device, such as a motion to reopen.