**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 20-1037 & 21-1678

_____

LUIS PILATAXI,
                          Petitioner
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review from the
Board of Immigration Appeals
(Agency No. A215-664-365)
Immigration Judge: Jason L. Pope

_____

Argued: March 3, 2022

Before: McKEE, AMBRO, SMITH *Circuit Judges*

(Opinion filed: April 14, 2022)

Regis Fernandez     **[Argued]**
7 Federal Square
Newark, NJ 07102
        *Counsel for Petitioner*

Matthew B. George  **[Argued]**
Vanessa M. Otero
Dana M. Camilleri
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

*Counsel for Respondent*

———————————

OPINION*

———————————

McKEE, *Circuit Judge*.

Luis Pilataxi seeks review of the Board of Immigration Appeals' denials of his motions to remand and reopen. For the reasons that follow, we will affirm the BIA's decision and deny the petition for review as to his motion to remand, but we will reverse the BIA's decision and grant the petition for review as to his motion to reopen.

## I.

Petitioner Luis Pilataxi pled guilty to shoplifting in state court in 2004.[1] That is a felony under New Jersey law.[2] In 2019, Pilataxi initiated post-conviction proceedings in the Superior Court of New Jersey to vacate this plea based upon ineffective assistance of counsel.[3] In November 2019, the Superior Court vacated that guilty plea.[4] However, the order granting relief did not state a reason for the vacatur.[5]

Four months before the vacatur, an immigration judge had found Pilataxi removable because the shoplifting conviction was categorically a crime involving moral

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Appx. 156.
[2] Appx. 156.
[3] Appx. 27–36, 432–33.
[4] Appx. 50.
[5] *See* Appx. 50–51.

turpitude that rendered Pilataxi ineligible for cancellation of removal.[6] Pilataxi appealed to the BIA and filed a motion to remand.[7] The BIA dismissed Pilataxi's appeal and denied his remand motion because he failed to show the vacatur was based on a procedural or substantive defect in the underlying proceedings.[8] Pilataxi petitioned for review of that dismissal.

Pilataxi also moved to reopen so that he could provide more documentation that would establish that the state court's vacatur was based on a procedural or substantive defect in his state court conviction.[9] The documentation he submitted included *inter alia* the state court order,[10] a recommendation for the pretrial intervention program,[11] a transcript of his post-conviction relief hearing,[12] and a copy of his legal brief supporting his request for vacatur of his guilty plea.[13] The BIA denied the motion because it concluded that the basis for vacatur was "not clear from the record."[14] This petition for review of that decision followed.[15] We consolidated review of Pilataxi's motion to reopen with our review of his petition for remand.

---

[6] Appx. 151.
[7] Appx. 2.
[8] Appx. 66.
[9] Appx. 12–15.
[10] Appx. 71–72.
[11] Appx. 79.
[12] Appx. 169–200.
[13] Appx. 27–36.
[14] Appx. 3.
[15] Appx. 3.

**II.**[16]

During oral argument on the consolidated petitions, Pilataxi conceded that the BIA did not err in denying his motion to remand. We will therefore dismiss his petition for review of the BIA's denial of his motion to remand. Thus, the only question before us is whether the BIA erred in denying Pitataxi's motion to reopen.

A non-permanent resident with a conviction for a crime involving moral turpitude is not eligible for cancellation of removal.[17] A petitioner is no longer so convicted under the Immigration and Nationality Act if "the conviction was vacated on the basis of a substantive or procedural defect in the underlying criminal proceedings."[18] The petitioner has the burden of showing that he or she is no longer convicted for immigration purposes.[19] Where a state court vacates a conviction, the state court record must be reviewed to determine if the vacatur was based upon a procedural or substantive defect as opposed to compassion.[20]

---

[16] The IJ had jurisdiction under 8 C.F.R. § 1240.1(a), and the BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). Our jurisdiction is governed by the Immigration and Nationality Act. We review the denials of motions to reopen and remand for abuse of discretion. *Contreras v. Att'y Gen.*, 665 F.3d 578, 583 (3d Cir. 2012). Accordingly, we disturb the BIA decision only if it is arbitrary, irrational, or contrary to the law. We review the BIA's legal conclusions de novo and factual findings for substantial evidence. *Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 383 (3d Cir. 2020).
[17] 8 U.S.C. § 1229b(b)(1)(C).
[18] *Rodriguez v. Att'y Gen.*, 844 F.3d 392, 396 (3d Cir. 2016) (quotations omitted) (quoting *In re Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003)).
[19] 8 U.S.C. § 1229a(c)(4)(A); *see Pareja v. Att'y Gen.*, 615 F.3d 180, 185 (3d Cir. 2010).
[20] *See Rodriguez*, 844 F.3d at 397.

The order that vacated the conviction is first examined to see if it explains the reason for vacatur.[21] Here, the state order does not explain the reason for vacating the conviction, but it does mention Pilataxi's participation in a Pretrial Intervention Program as a condition of the vacatur.[22] *Pinho* instructs that such participation is considered a product of settlement negotiations, not a potential reason for vacatur.[23] Thus, to the extent that the government argues that the Pretrial Intervention Program is a potential basis for vacatur, we disagree.

Where the state order fails to provide a specific reason for vacatur, we must examine the rest of the state court record.[24] In doing so, "the IJ may rely only on reasons explicitly stated in the record and may not impute an unexpressed motive for vacating a conviction."[25] There can be no "speculation . . . about the secret motive of state judges and prosecutors."[26] Accordingly, when the record includes only one possible reason on

---

[21] *Id.* ("A petitioner whose criminal conviction was vacated is no longer convicted under the INA where the conviction was vacated on the basis of a substantive or procedural defect in the underlying criminal proceedings. Conversely, where a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, such as for rehabilitation or to allow a petitioner to avoid the immigration effects of the conviction, then the petitioner remains convicted for immigration purposes.")(quotations and citations omitted).

[22] Appx. 50.

[23] *Pinho*, 432 F.3d at 215.

[24] *Id.* ("If the order does not give a clear statement of the reasons [for vacatur], the [IJ] may look to the record before the court when the order was issued. No other evidence of reasons may be considered.").

[25] *Id.*; *see also Pinho v. Gonzales*, 432 F.3d 193, 212 (3d Cir. 2005) ("We cannot endorse a test which requires speculation about, or scrutiny of, the reasons for judges' actions other than those reasons that appear on the record.").

[26] *Rodriguez*, 844 F.3d at 397.

5

which vacatur could have been based, then we must conclude that the vacatur was based on that reason.[27]

Here, based on the record in front of the BIA, the only ground for relief in state court was Pilataxi's claim of ineffective assistance of counsel. The record does not include a response from the state.[28] Thus, the pleadings include only one reason for vacatur: ineffective assistance of counsel. It is true neither the court nor the parties discussed ineffective assistance of counsel during the hearing, but no other possible reason for vacatur was before the court, and no other ground for relief appears on the record.[29] Our caselaw is clear that we may not go outside the record and speculate about other reasons the court may have had for vacating Pilataxi's conviction. Therefore, for purposes of immigration proceedings, Pilataxi's conviction was vacated based on a defect in the underlying criminal proceeding. Accordingly, insofar as the INA is concerned, he is no longer convicted of a crime involving moral turpitude. Accordingly, the BIA abused its discretion in denying this motion on the basis that the record was inconclusive.

---

[27] *Pinho*, 432 F.3d at 215.

[28] During oral argument, the government argued that Pilataxi failed to meet his burden by providing an incomplete record to the BIA. Oral Argument at 14:50. The government implicitly conceded that any concerns with the authenticity of the record were not argued to the BIA. Oral Argument at 18:35–19:30. The government also failed to raise this issue on appeal before oral argument. *See* Respondent Br. Most importantly, in its decision, the BIA did not say or suggest that Pilataxi failed to meet his burden because the record was *incomplete*. Appx. 2–3. Rather, the Board reasoned that he failed to meet his burden because the record was *inconclusive*. *Id.* It is therefore outside the scope of our review to question the completeness of the record before us. *See Rodriguez*, 844 F.3d at 398.

[29] *See* Appx. 177–200.

## III.

We will therefore grant Pilataxi's petition for review of the BIA's denial of his motion to reopen.