NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2369
_____

MARCOS ANTONIA CASTILLO HIDALGO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA 1:A043-249-202)
Immigration Judge:  Jason L. Pope
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 7, 2022

Before:  JORDAN, SCIRICA and RENDELL, *Circuit Judges*

(Filed: November 21, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Petitioner Marcos Castillo Hidalgo,[1] a native and citizen of the Dominican Republic, conceded his removability before an Immigration Judge ("IJ"). He did so on the basis of his earlier guilty plea to a drug offense, though he contested whether that conviction barred him from seeking cancellation of removal. When the IJ concluded that the conviction did create such a bar and ordered him removed, Castillo Hidalgo sought review by the Board of Immigration Appeals. Meanwhile, a state court concluded on collateral review that Castillo Hidalgo had made a prima facie case that his guilty plea was the result of ineffective assistance of counsel. With that ruling in hand, Castillo Hidalgo moved to remand his case to the IJ with instructions to reinstate his application for cancellation of removal and to calendar a merits hearing. The BIA nevertheless affirmed the IJ's decision and, in the process, denied his motion to remand. Before us now, Castillo Hidalgo seeks only review of the denial of his motion to remand. We will deny his petition for review.

I.     **BACKGROUND**

Castillo Hidalgo was admitted to United States as a lawful permanent resident in 1992 at the age of nine. In October 2019, he pled guilty to manufacturing, distributing, or

---

[1] While there are a few instances in which the Petitioner's name is given as Castillo-Hidalgo, we have used the spelling that appears more frequently, including in his petition for review.

possessing with intent to distribute a controlled dangerous substance, in violation of N.J. Stat. Ann. §§ 2C:35-5A(1) and -5B(2), and was sentenced to three years' imprisonment.[2]

The Department of Homeland Security commenced removal proceedings against him in July 2020. He was served with a Notice to Appear charging that his conviction rendered him subject to removal because it was an offense relating to a federally controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i), and also because it was an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

Before the IJ, Castillo Hidalgo admitted the factual allegations against him and conceded his removability on the first ground. He contested the second ground, as a conviction for an aggravated felony would render him ineligible for cancellation of removal under 8 U.S.C. § 1229b. And, indeed, he filed an application for cancellation of removal.

After an interim decision from the IJ holding that his conviction is an aggravated felony, Castillo Hidalgo declined to seek any other form of relief or protection from removal. Instead, he indicated his intent to appeal the aggravated felony ruling and pursue cancellation of removal. The IJ then issued an oral decision incorporating the interim decision and ordering Castillo Hidalgo's removal to the Dominican Republic. On appeal to the BIA, Castillo Hidalgo argued only that his conviction was not for an aggravated felony.

---

[2] The Judgment of Conviction & Order for Commitment notes the substance as "HEROIN/COCAINE." (A.R. at 424.)

While his BIA appeal was pending, Castillo Hidalgo filed a petition for post-conviction relief in the Superior Court of New Jersey, seeking to vacate his conviction. He claimed that he would have contested the charges against him had he not been erroneously advised by his criminal defense attorney that he would not be subject to deportation if he pled guilty, successfully completed the requirements set by a "drug court," and had his conviction expunged. (Opening Br. at 10-11; A.R. at 34.) The State opposed this petition and urged that his case be dismissed without an evidentiary hearing.

On June 7, 2021, the Superior Court issued an order, stating that Castillo Hidalgo had made a prima facie case of ineffective assistance of counsel under both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), because it appeared defense counsel had failed to adequately advise him of the immigration consequences of his plea. On that same day, Castillo Hidalgo asked the BIA to remand the matter to the IJ with instructions to reinstate the application for cancellation of removal and to calendar a merits hearing, "[i]n light of the finding of a *prima facie* case of ineffective assistance counsel[.]" (A.R. at 10.)

The BIA ultimately denied the motion to remand and instead adopted and affirmed the IJ's decision. Regarding remand, the BIA said:

> Because the respondent has not shown that his conviction has been vacated, nor has he shown that he seeks to vacate his conviction on the basis of a procedural or substantive defect in the underlying proceedings, he has not established that the evidence presented with his motion is likely to change the result in this case. Therefore, we deny the respondent's motion to remand.

(A.R. at 5 (citations omitted).)

4

This timely petition for review followed.[3]

## II.    DISCUSSION

Castillo Hidalgo now concedes that his state conviction constitutes an aggravated felony for immigration purposes; that, if he is to avoid the immigration consequences attendant to that fact, his conviction would have to be vacated; and that his motion to remand did not demonstrate his conviction had been vacated. Nevertheless, he argues that we should grant his petition because two legal errors underlie the denial of his motion to remand. First, he says, the BIA erred in concluding that vacatur of his conviction is necessary to demonstrate the requisite likelihood of a different outcome in his criminal case. He believes the New Jersey Superior Court's prima facie ruling is enough to warrant remand to the IJ for further proceedings on an application for cancellation of removal. Second, he says, the BIA erred in concluding that a conviction vacated for ineffective of assistance of counsel would nevertheless remain a conviction for immigration purposes under *Matter of Pickering*, 23 I. & N. Dec. 621 (BIA 2003), *rev'd on other grounds*, 465 F.3d 263 (6th Cir. 2006). As he did before the BIA, he asks that his case be remanded to the BIA with instructions for the IJ to reinstate his application for cancellation of removal and to calendar a merits hearing.

The government argues that we do not have jurisdiction to reach the merits of those arguments, given Castillo Hidalgo's concessions and the BIA's discretion to deny motions for remand. Furthermore, the government argues, even if we had jurisdiction,

---

[3] Additionally, he filed a motion for stay of removal, which was denied.

5

we should deny the petition because Castillo Hidalgo is categorically ineligible for cancellation of removal until his aggravated felony conviction is vacated. While we disagree with the government as to our jurisdiction, we agree on the second point and will deny the petition on that basis.

### A.    Jurisdiction[4]

As a threshold matter, we must determine whether we have jurisdiction to consider the two issues Castillo Hidalgo has raised. Although § 1252(a)(2)(C) of title 8 generally strips our jurisdiction to review final orders of removal for aliens convicted of an aggravated felony under § 1227(a)(2)(A)(iii), we nevertheless have jurisdiction under § 1252(a)(2)(D) to review "colorable legal or constitutional issues that [the petition for review] raises." *Cruz v. Att'y Gen.*, 452 F.3d 240, 247 (3d Cir. 2006). "To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" *Pareja v. Att'y Gen.*, 615 F.3d 180, 186-87 (3d Cir. 2010) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006)). "The question of our jurisdiction over a colorable legal claim does not turn on whether that claim is ultimately meritorious." *Id*. at 187.

The two supposed legal errors Castillo Hidalgo has identified do raise colorable issues and are sufficient to establish our jurisdiction.[5] Contrary to the government's

---

[4] The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1003.2. As discussed herein, we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

[5] As we have determined we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), the government's motion to dismiss will be denied.

suggestion, this is so even though they relate to a motion seeking a discretionary determination on a motion to remand. *Pareja*, 615 F.3d at 187-88 (explaining that even where an ultimate determination is discretionary, we have jurisdiction to review when the BIA is alleged to have made that determination based on "an erroneous legal standard" or "fact-finding which is flawed by an error of law"); *see also Huang v. Att'y Gen.*, 620 F.3d 372, 390 (3d Cir. 2010) ("We review the denial of a motion to remand or to reopen for abuse of discretion[.]").

### B. The Motion to Remand[6]

It was not an abuse of discretion to deny Castillo Hidalgo's motion to remand if he "would not be entitled to relief [on his application for cancellation of removal] even if the motion was granted." *Huang*, 620 F.3d at 389. And that is the case here. Castillo Hidalgo is categorically ineligible for cancellation of removal unless and until his aggravated felony conviction is vacated. *See Singh v. Att'y Gen.*, 807 F.3d 547, 550 (3d Cir. 2015) (explaining that "[f]or a lawful permanent resident to be eligible for cancellation of removal, he or she must satisfy three requirements[,]" including "establish[ing] that he has not been convicted of an 'aggravated felony'") (quoting 8 U.S.C. § 1229b(a)). His motion to remand did not (and could not) demonstrate that his conviction had been vacated, because, as far as we know, it has not been. *See Paredes v.*

---

[6] A motion to remand to pursue an application for discretionary relief, such as cancellation of removal, *Pareja*, 615 F.3d at 186, may be denied on the basis that, "the alien would not be entitled to [the discretionary] relief [sought] even if the motion was granted," *Huang*, 620 F.3d at 389. A denial on that basis is reviewed for abuse of discretion. *Korytnyuk v. Ashcroft*, 396 F.3d 272, 284 (3d Cir. 2005).

*Att'y Gen.*, 528 F.3d 196, 198-99 (3d Cir. 2008) (adopting the rule that "the pendency of post-conviction motions or other forms of collateral attack" do "not vitiate finality, unless and until the convictions are overturned as a result of the collateral motions").

We may deny a petition for review of an agency decision if the decision was correct; indeed, we may do so even if the agency "relied upon a wrong ground or gave a wrong reason." *Helvering v. Gowran*, 302 U.S. 238, 245 (1937) (articulating the general rule in connection with review of decision of the Board of Tax Appeals); *see also Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (same in connection with review of an order of the Securities and Exchange Commission).  Here, it was no abuse of discretion to deny the relief Castillo Hidalgo sought in his motion to remand (and now seeks in his petition) namely, reinstatement of his application for cancellation of removal and calendaring a merits hearing on it, because, until he demonstrates that his conviction has been vacated, he is still categorically ineligible for cancellation of removal.  So, we will deny his petition.[7]

Judicial economy, however, prompts us to address a point that may arise if Castillo Hidalgo's conviction is vacated.  "A petitioner whose criminal conviction was vacated is no longer 'convicted' [for immigration purposes] where the conviction was vacated on the basis of a substantive or procedural defect in the underlying criminal

---

[7] The government correctly observes, however, that if his aggravated felony conviction is ultimately vacated, he may file a motion to reopen.  *See Cruz*, 452 F.3d at 246 ("A motion to reopen is the proper means for an alien who has been ordered removed due to a conviction to challenge his removal after that conviction is vacated.").

proceedings." *Rodriguez v. Att'y Gen.*, 844 F.3d 392, 396 (3d Cir. 2016) (citing *Matter of Pickering*, 23 I. & N. Dec. at 624).  The BIA's discussion on this point can plausibly be read to suggest that a conviction vacated due to a Sixth Amendment violation under *Strickland*, 466 U.S. 668, and *Padilla v. Kentucky*, 559 U.S. 356 (2010), would not be sufficient under *Matter of Pickering*, 23 I. & N. Dec. 621, to warrant revisiting by immigration authorities.  If that is what the BIA meant to convey, it was error.  *Pinho v. Gonzales*, 432 F.3d 193, 210 (3d Cir. 2005) ("[A]n alien whose conviction is vacated on collateral attack because the alien's [criminal defense] counsel was ineffective under the Sixth Amendment, no longer stands 'convicted' for immigration purposes.").  Further discussion on this point is unwarranted now, however, as the basis for vacatur can be determined only if and when the conviction has actually been vacated.  *Id.* at 215 ("To determine the basis for a vacatur order, the agency must look first to the order itself.").

## III.    CONCLUSION

For the foregoing reasons, we will deny the petition for review, and the government's motion to dismiss will be denied.

9